HENRY C WEBSTER AND LAURA M. WEBSTER HIS WIFE, v. JAMES P. HOLMES.

Submitted March 28, 1898—Decided June 13, 1898.

1. In an action for slander the rule of pleading to be followed is that the words spoken by the defendant of and concerning the plaintiff must be averred *in hæc verba*, in the declaration, in order that the court may determine, either with or without the aid of the innuendo, whether they constitute a ground of action, and also in order that the defendant may know the charge against him and what defence can be made to the action by pleading and proof.

2. The declaration must contain the averment that the words were falsely and maliciously spoken. Malice, in fact or in law, is essential to the action, and consequently a corresponding allegation is essential to a complete declaration.

---

On demurrer to declaration.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the demurrant, *Charles K. Chambers.*

For the plaintiff, *Aaron E. Burr, Louis Morris* and *John W. Wescott.*

The opinion of the court was delivered by

LIPPINCOTT, J. This action is brought by husband and wife against the defendant for slander against the wife. The declaration contains two counts, one in which the alleged slanderous matter is set forth against the wife, with consequent damage to her. The second count is for damages to the husband by reason of such slanderous matter set out in the first count against the wife, without any statement or repetition of such matter in such count.

The demurrer to the declaration in this case is sought to be sustained upon several grounds—*first*, that the defamatory words used by the defendant concerning the female plaintiff are not set forth in either count of the declaration, and *secondly*, that it is not averred in either count that the words complained of were falsely and maliciously spoken. There are other causes of demurrer assigned which it has not been found necessary to consider.

The averment of the declaration is that the defendant, in the presence of others, offensively assailed the character and conduct of the female plaintiff. The allegation is, in substance, a statement of the conclusion of the defendant concerning the plaintiff's character and conduct, without stating the words used, in a manner which separated his conclusions from the words. It is not found necessary to state the averments of the declaration in this opinion. The averments of the conclusions of the defendant, in his statements in relation to the plaintiff, are offensive and need not be repeated here.

The rule of pleading is that words used should be set forth *in hæc verba.* The usual averment, and the one required, is that the defendant spoke and published of and concerning the plaintiff the false, scandalous, malicious and defamatory words "following, that is to say" (setting out the words used with proper innuendoes). 2 *Chit. Pl.* (13*th Am. ed.*) 633, 636. The words must be set out in order that the court may determine, either with or without the aid of the innuendo, whether they constitute a ground of action, and also that the defendant may know the charge against him and

what defence can be made to the action by pleading and proof. These are the reasons of the rule which requires that the averment must be specific as to the words used.

The declaration in this instance is only narrative of what occurred and this is insufficient. *Burns* v. *Williams,* 88 *N. C.* 159.

The declaration is bad for not setting out the words *verbatim. Gutsole* v. *Mathers,* 1 *Mees. & W.* 495. The averment must profess to set out the very words. *Bagley* v. *Johnston,* 4 *Rich.* 22 ; *Harris* v. *Warre,* 4 *C. P. Div.* 125. The very words should be set out. *Kenyon* v. *Cameron,* 20 *Atl. Rep.* 233, 234 ; *New. Sland.* 638 ; 13 *Am. & Eng. Encycl. L.* 456. The very words complained of must be set out " in order that the court may judge whether they constitute a ground of action " (3 *B. & Ald.* 506), " and also because the defendant is entitled to know the precise charge against him and cannot shape his case until he knows." *Harris* v. *Warre, supra.* The defendant cannot plead the truth in justification unless the charge is made precise. *Odg. Lib. & S.* (2d *Eng. ed.*) 404. It is not sufficient to give the substance or purport of the words. *Ibid. ; Ward* v. *Clark,* 2 *Johns.* 10 ; *Newton* v. *Stubbs,* 3 *Mod.* 71.

It has been settled by numerous authorities that the declaration must profess to set out the very words published or spoken, and it is not sufficient to describe them by their substance and effect. *Stark. Sland.* ³362, *363 ; *Newton* v. *Stubbs, supra ; King* v. *Bear,* 2 *Salk.* 417 ; *Ford* v. *Bennett,* 1 *Ld. Raym.* 415. It is not sufficient to aver that the defendant spoke the words *vel his similia. Banning* v. *Fryer, Cro. Jac.* 159 ; 1 *Vin. Abr.* 533 ; *Cook* v. *Cox,* 3 *Man. & Sel.* 110 ; *Wood* v. *Brown,* 6 *Taunt.* 169 ; *Wright* v. *Clements,* 3 *B. & Ald.* 503.

When it comes to the proof in the case the same strictness is not required. *Stark. Sland.* *369, and cases cited.

Upon the ground that the words spoken are not set out in either count of the declaration, the demurrer must be sustained.

The other ground considered is that in the narrative of the

words spoken contained in the declaration, the slanderous matter is not alleged to be defamatory, false and malicious.

This is equally effective as a ground of demurrer.

False, defamatory words spoken constitute slander, and they are only actionable when false and malicious.

It is necessary, in order that the pleading be not demurrable, that not only the words must be set forth, but, in some form or other it must be averred that they were false and malicious. It may not be material to the sufficiency of the declaration in what form the falsity or maliciousness be stated, but it has always been understood that the declaration must charge the falsehood or maliciousness of the slanderous words or terms used. In some form or other, these essentials of proper pleading must appear, and no better averment than that laid down in the books of pleading can be employed—that is, that the words were defamatory, false and malicious—and no good reason can be perceived for departing from these well-recognized and established forms. *Bottomly* v. *Bottomly*, 30 *Atl. Rep.* 706; *White* v. *Nicholls*, 3 *How.* 266; 13 *Am. & Eng. Encycl. L.* 473, 474, and cases cited.

Malice, either in fact or in law, is essential to the action, and consequently a corresponding allegation is essential to a complete declaration. This seems to be the rule under all the authorities. With the averment of the falsity of the charge, malice may be inferred, and so, too, under the averment of malice the falsity of the charge may be inferred.

Whilst the plaintiff is not bound in terms to deny the specific charge imputed to him, nor the particular facts alleged in the charge, it is necessary to aver that the words were maliciously spoken. The averment *hæc falsa ficta malitiosa verba* is required in some form, and this is all that is required. *Bendish* v. *Lindsey*, 11 *Mod.* 194.

There are cases in which it has been held that the falsity of the words used need not be charged in terms, but an examination of these cases will reveal that they passed upon the ground that the fault was cured after verdict or upon the ground that expressions or averments were used in the plead-

ings from which the ingredients of falsity and malice could be fairly inferred, and thus the pleading was only subject to the criticism of being unadroit or untechnical. *New. Sland.* 612 and cases cited.

Any form of words will suffice from which the malicious intent can be inferred. It has been held to be sufficient to aver that the defendant spoke the words or published the libel falsely or wrongfully, or that the defendant *machinas perio-rare dixit. Moo.* 459 ; *Mercer* v. *Sparks, Owen* 51 ; *S. C., Noy* 35 ; *Danv. Abr.* 166.

The averment, in some form, that the words were spoken falsely and maliciously must be contained in the declaration. *Stark. Sland.* *433 ; *Morrison Case, Shep. Act.* 267 ; *Johnstone* v. *Sutton,* 1 *Term R.* 493.

It has always been held that there should be an averment that the defendant maliciously published the matter, but any equivalent expression as wrongfully and falsely will suffice. *Saund. Pl. & Ev.* 242. The presumptions arising upon proof in the trial of the cause do not apply to the pleading.

The declaration in this case is barren of averments of the necessary ingredients of a proper declaration, and therefore, on both grounds, demurrable.

The demurrer is sustained, with costs.