## ROBERT S. GASKILL ET AL., PROSECUTORS, v. MATILDA P. FOULKS.

Argued July. 5, 1912—Decided October 11, 1912.

The action of a court of law in directing a new summons to be issued and served by reason of error in the issuing of service of the original summons (Practice act of 1903, section 53) is not reviewable by *certiorari* but only by writ of error after final judgment.

---

On *certiorari* to the Burlington Circuit Court.

Before Justices TRENCHARD, PARKER and MINTURN.

For the prosecutors, *V. Claude Palmer.*

For the defendant, *James Mercer Davis.*

The opinion of the court was delivered by

PARKER, J. Prosecutors seek by this writ to set aside a rule made by the judge of the Burlington Circuit Court in an ordinary action on contract at law for the recovery of a money judgment. The action was begun by summons in the usual way, but the summons was technically irregular because, though issued in the month of April, it was made returnable on the "fifth day of May instant," and because if the fifth

day of May then next was meant, that day fell on Sunday. In addition to these irregularities, service was not made until May 4th, and was consequently nugatory. Motion being made to quash and set aside the summons and the service on these grounds, it was conceded that the motion should prevail, but on application of the plaintiff the court, acting under section 53 of the Practice act, providing that "if error is made in the issuing or service of a summons, the court or a judge may order a new summons to be issued and served; and said summons and service thereof shall be as valid and effectual as if it had been originally issued and served" made a rule permitting the issue and service of a new writ. It is this rule that is brought before us by the present writ of *certiorari* and we are asked to adjudicate on its legal propriety.

We consider, however, that this question is not properly before us, because the rule or order of the Circuit Court now in question is not reviewable by *certiorari*. It is a proceeding in an action according to the course of the common law and consequently reviewable only by writ of error and after final judgment. *Taylor Provision Co.* v. *Adams Express Co.,* 43 *Vroom* 220. It is true that in some cases where the proceeding itself is not according to the course of common law though in a common law court, *certiorari* will lie; as in certain cases of attachment under the Practice act (*Hisor* v. *Vandiver,* 53 *Id.* 303) ; but this case is not within that class. The issue of a new summons under section 53 is substantially in the nature of an amendment, and exhibits no such features as warrant an interlocutory review by *certiorari*. The writ will accordingly be dismissed.