JOHN WENDELKEN, RESPONDENT, v. ALBERT J. STONE, APPELLANT.

Submitted December 9, 1912—Decided March 4, 1913.

Malice, in the law, as a basis for punitive damages, signifies nothing more than a wrongful act done intentionally, without just cause or excuse.

On appeal from the Supreme Court, pursuant to the Practice act of 1912.

For the appellant, *Collins & Corbin.*

For the respondent, *Weller & Lichtenstein.*

NOTE.—This opinion and that in Wendelken *v.* New York, Susquehanna and Western Railroad Co., following it, were rendered at the March Term, 1913, and should have been published with the opinions for that term, but were overlooked by the Reporter.—REP.

The opinion of the court was delivered by

PARKER, J.  This is an action of false imprisonment, begun in the Hudson Circuit Court.  A judgment for the plaintiff was removed by writ of error into the Supreme Court and there challenged on the sole ground that the trial court erred in permitting the jury to assess punitive damages.  The Supreme Court affirmed the judgment, and defendant has removed the case to this court by appeal pursuant to the Practice act of 1912.

The action of the trial court in permitting an award of punitive damages was manifestly proper.  It is urged, and with apparent confidence, that there is no proof of malice on defendant's part, to sustain punitive damages.  There was ample proof.  At the time of the injury complained of, defendant was general superintendent of the Erie Railroad Company and New York, Susquehanna and Western Railroad Company, and one Johns was superintendent of the latter company.  There existed a disagreement between the latter company and the Babbitt soap works about a spur constructed on the land of the soap works by the railroad company, and the refusal by the Babbitt people to pay for the cost of the spur or to execute an agreement with respect to it.  Accordingly it was determined by the railroad officials that the spur should be taken up.  This was quite a task as there was over half a mile of track; so under the deliberate orders of defendant Stone, preparations were made for a sudden descent upon the property with ample force to avoid any unpleasantness and to do the work expeditiously and thoroughly.  There was a detail of railroad police under an "inspector" to "protect the situation;" an adequate gang of track laborers and foremen to do the work; a construction train with the necessary appliances; Mr. Johns in immediate command; and the defendant himself came on horseback and as he expressed it in his testimony, "was in general charge."  This raiding party descended upon the soap works property about seven o'clock on a Sunday morning when the number of employes on duty there was probably at a minimum.  The railroad police arrested them all (including plaintiff) on the utterly

baseless and imaginary charge that a murder had been committed, locked most of them in a railroad car for about five hours, permitted the fireman of the works to watch his furnaces and boilers under arrest and guard, and when the laborers had finished taking up the tracks, the expedition retired after releasing the men in confinement. Defendant Stone had "general charge" as has been said, and was on the ground throughout. There is some suggestion that he was not personally cognizant of the physical force used or displayed, and the arrest and imprisonment of the employes; but it is idle to deny that the jury were entirely justified in finding that he was fully aware of it all, and that it happened under his direction.

It seems to be further suggested that Stone was not actuated by ill will toward the plaintiff, and so not chargeable with malice; and that the damages should therefore have been compensatory only. But it should be unnecessary to repeat the well settled rule that malice, in law, means nothing more than the intentional doing of a wrongful act to the injury of another, without just cause or excuse. *King* v. *Patterson,* 49 *N. J. L.* 417; *McFadden* v. *Lane,* 71 *Id.* 624, 630; *Moore* v. *Beck, Id.* 7, 9; *Brennan* v. *United Hatters,* 73 *Id.* 729, 744; *State* v. *Silverio,* 79 *Id.* 182, 488. That the arrest and confinement of plaintiff constituted such an act, so done, and without just cause or excuse, is a proposition too obvious to require argument. Consequently it was in law malicious. That malice is a proper foundation for punitive damages is of course settled. *Blackmore* v. *Ellis,* 70 *Id.* 264. In fact it is conceded, and that the responsibility of Stone in the matter was within the province of the jury, has already been shown.

The case seems so plain that we should have been content in affirming the judgment to adopt the *per curiam* memorandum filed in the Supreme Court, but for the apparently serious attack made on the decision below, which justifies the somewhat fuller narrative of the facts given above.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD,. PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ. 10.

*For reversal*—None.

Submitted December 9, 1912—Decided March 4, 1913.