LIMPERT BROTHERS, INC:, APPELLANT, v. WILLIAM H. STITT, RESPONDENT.

Argued March 3, 1920—Decided June 14, 1920.

Plaintiff's complaint was struck out on motion with leave to file and serve a new complaint within twenty days. Instead of doing this, plaintiff began a new action by issue and service of summons and served complaint therein. The statutory period of limitation had then expired. *Held*, that plaintiff was properly nonsuited in the second suit by reason of the statute of limitation pleaded therein by defendant.

On appeal from the Supreme Court.

For the appellant, *Earle A. Merrill.*

For the respondent, *Winfield S. Angleman.*

The opinion of the court was delivered by

PARKER, J. The crucial question in this case is a very simple one, viz., whether the beginning of a new action is the legal equivalent of the filing and service of an amended complaint.

The question arises in this way: Plaintiffs, purchasers of certain chattels or of the right, title and interest of other parties therein at an auditor's sale in attachment, were unable to get possession of the chattels because they were held by defendant, Stitt, as constable under other process. Thereupon appellants made claim, in writing, pursuant to the statute (*Comp. Stat., p.* 3171, § 23), and brought suit against defendant as such constable. There was a motion to strike out the complaint, which prevailed and rule was made accordingly, reserving leave to plaintiffs (appellants) within twenty days after service of a copy of the rule to "file a new complaint and serve a copy thereof on the defendant's attorney, and that in default of the plaintiff so doing judgment may be entered," &c. Plaintiff did not file a new complaint and serve

a copy; it caused a new summons to be issued, not against "William H. Stitt, *constable,*" as was the first summons, but against "William H. Stitt," setting up substantially the same facts. Stitt answered that he held the goods by virtue of a writ to him directed, and purely in an official capacity, and that the new action had not been brought within two months after demand, as required by the statute above cited. The case came on for trial, and resulted in a nonsuit on the ground that the statute of limitation was a valid defence. This ruling of the trial court is before us on this appeal.

It is undeniable, and is not denied, that if the second summons and complaint had been the only proceedings, the suit had been begun out of time; but the argument is that the statute should not be applied under the circumstances because it was waived; because defendant is estopped to invoke it; because defendant has not been prejudiced, and because plaintiff was surprised.

As to waiver, the theory is that the granting of further time for a new complaint amounted to waiver of the statute; but it is plain that the very result of the rule of court, if not its object, was to keep the plaintiff within the statute and save its rights; and that the court would have been powerless to save those rights by permitting issue of a new summons. That can only be done when there is error in issuing or service of the original summons. *Practice act,* 1903, § 52; *Comp. Stat., p.* 4068; *Mutual Life Insurance Co.* v. *Rowand,* 26 *N. J. Eq.* 389.

Similarly as to estoppel; there is nothing that defendants did to mislead the plaintiff, or that they ought to have done and failed to do. They have litigated the claims of plaintiffs vigorously throughout. See *Limpert Brothers* v. *French,* 90 *N. J. L.* 600.

As to defendant not being prejudiced, statutes of limitation are in the interest of terminating litigation; defendants are entitled to rely on them, and would be legally prejudiced by their non-enforcement. The claim of surprise is baseless. The long and short of the matter is that plaintiff omitted to take the course pointed out by the court to save its rights—a

474    COURT OF ERRORS AND APPEALS.

Quellmalz v. Atlantic Coast Elec. Ry. Co.    *94 N. J. L.*

course plainly contemplated by such statutory authority as sections 23 and 24 of the Practice act of 1912, and by rule 31 of the Supreme Court—and resorted to a course which resulted in sacrificing them. The first suit is apparently terminated, and the second begun too late. Such a situation the courts cannot alter; plaintiff must accept the legal result of its own action.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 12.

*For reversal*—None.