MARIE KOSTROB ET AL., PLAINTIFFS, v. MATTHEW J. RILEY ET AL., DEFENDANTS.

Argued October 6, 1928—Decided December 20, 1928.

For the plaintiffs, *Samuel W. Honig.*

For the defendants, *John E. Toolan.*

The opinion of the court was delivered by

MINTURN, J. The motion in this case is to set aside a summons issued by the above-named plaintiffs, on the ground

that the same is defective in that it requires the defendants "to answer the complaint of Mary Kostrob, an infant, by Joseph Kostrob, and Joseph Kostrob individually, in an action at law in the Hudson County Common Pleas Court," and also requires the said defendants "to file their answers with the clerk of the Hudson County Common Pleas Court at Jersey City," and is tested by William S. Gummere, Chief Justice of the Supreme Court, at Trenton.

The contention of the defendants is that the summons is an original writ, and is therefore not amendable. The case cited by the defendants in support of this proposition (6 *N. J. L.* 166, *Anon.*) was a case where the summons was served alone, without any complaint attached thereto. In this case the complaint was served with the summons, and on its face the complaint alleges the venue in the New Jersey Supreme Court, Hudson county, and in proper language sets out a cause of action against the defendants. The case is, therefore, distinquishable from the case above cited, in the fact that the complaint became a part of the original process of summons, having been served therewith, and that the complaint could be made a basis for amendment of the summons. The anonymous case above cited was based upon the theory that there was nothing to amend by in the issuing of the original writ; but that reason does not apply in this instance. Since the adoption of our new Practice act the process of amendment has been much more liberal than was formerly the case under the common law practice, where the complaint, except in cases on the common counts, was seldom served with the summons. In such cases it is clearly intelligible that there was nothing by which the original process of summons could be made amendable.

The case of *Maitland* v. *Worthington*, 59 *N. J. L.* 114; 39 *Atl. Rep.* 759 (1896), emphasizes the fact that under the Practice act in force at that time (*Gen. Stat., p.* 2541, § 50), an amendment of the summons was only authorized when there had been a mistake in the service; but by section 53 of the act of 1903 (3 *Comp. Stat., p.* 4068) a new summons may be ordered where an error is made in the issuing or serv-

ice of the original process. *Jefferson* v. *Hotel Cape May*, 82 *N. J. L.* 32; 81 *Atl. Rep.* 349; *Limport Bros.* v. *Stitt*, 94 *N. J. L.* 472; 110 *Atl. Rep.* 832.

It was observed in *Heilemann* v. *Clowney*, 90 *N. J. L.* 87; 103 *Atl. Rep.* 686, as follows: "The statute of limitations has run; and where a plaintiff, in good faith, has begun an action within time, and has failed to bring defendants into court because of mistake or default by the officer charged by law with the duty of serving the summons, the court should save the right of action, if it can be done without working manifest injustice."

In the instant case the summons was properly served within time, with the complaint annexed thereto, so that the defendants had notice that an action at law had been commenced against them. The summons was tested by the Chief Justice of the Supreme Court at Trenton, but notified the defendants to appear in the Hudson County Common Pleas at Jersey City; and the complaint annexed to the summons was entitled "Supreme Court, Hudson County."

The court is also informed that the statute of limitations would operate against this plaintiff if the motion were granted. The issue of a new summons under this section of the act of 1903 is therefore in the nature of an amendment of the original summons. *Gaskill* v. *Foulks*, 83 *N. J. L.* 375; 84 *Atl. Rep.* 1057.

Under the circumstances no injustice can be done to the defendants by refusing to quash the present writ, without costs, in accordance with the spirit of the language contained in the case of *Heilemann* v. *Clowney, ubi supra*. In that case the failure to comply with the requirement of the Procedure act was due, in the language of the decision, "to mistake or default by the officer charged by law with the duty of serving the summons." In the present instance quite manifestly the error which resulted was caused by the mistake or default of an attorney of this court, who also may be properly classed as an officer of the law, charged with the duty, not of serving the summons, but of drawing the same in proper and legal form, so that the rights of his client might be fully protected.

Under the circumstances the motion to quash the writ will be denied, without costs, and a rule may be entered for the service of a new summons.