ATLANTIC COUNTY CIRCUIT COURT.

MARY HAND, PLAINTIFF, v. ALICE HAND, SOMETIMES KNOWN AS ALICE PRICKETT, DEFENDANT.

Decided January 19, 1945.

For the plaintiff, *William I. Garrison.*

For the defendant, *William E. Stringer.*

BURLING, C. C. J. This is an action sounding in tort of slander and libel.

Motion has been made to strike out the amended complaint filed in this cause upon the ground that it discloses no cause of action, and the following reasons are assigned:

"*First*—The declaration does not aver that the words were falsely and maliciously spoken.

"*Second*—That the complaint does not set out the defamatory words alleged to have been used."

These will be dealt with in the inverse order.

*Reason Two*—The defendant submitted that the amended complaint does not set out the defamatory words. In *Odgers on Libel and Slander* (*6th ed.*) (1929), is contained the following:

"The pleadings in an action of libel or slander are more important, perhaps, than any class of actions usually brought in the King's Bench Division. In his statement the plaintiff must set out the precise words of which he complains."

In support of the principle asserted by the defendant, reliance is had upon the case of *Webster* v. *Holmes* (*Supreme Court*, 1898), 62 *N. J. L.* 55; 40 *Atl. Rep.* 778, wherein it was held:

"The rule of pleading is that words used should be set forth *in haec verba*. The usual averment, and the one required, is that the defendant spoke and published of and concerning the plaintiff the false, scandalous, malicious and defamatory words 'following, that is to say' (setting out the words used with proper innuendoes). 2 *Chit. Pl.* (*13th Am. ed.*) 633, 636. The words must be set out in order that the court may determine, either with or without the aid of the innuendo, whether they constitute a ground of action, and also that the defendant may know the charge against him and what defense can be made to the action by pleading and proof. These are the reasons of the rule which requires that the averment must be specific as to the words used.

"The declaration in this instance is only narrative of what occurred and this is insufficient. *Burns* v. *Williams,* 88 *N. C.* 159.

"The declaration is bad for not setting out the words *verbatim*. *Gutsole* v. *Mathers,* 1 *Mees. & W.* 495. The averment must profess to set out the very words. *Bagley* v. *Johnston,* 4 *Rich., S. C.,* 22; *Harris* v. *Warre,* 4 *C. P. Div.* 128. The very words should be set out. *Kenyon* v. *Cameron,* 17 *R. I.* 122; 20 *Atl. Rep.* 233, 234. *New Sland.* 638; 13 *Am. & Eng. Encycl. L.* 456. The very words complained of must be set out 'in order that the court may judge whether they

constitute a ground of action' (3 *B. & Ald.* 506) 'and also because the defendant is entitled to know the precise charge against him and cannot shape his case until he knows.' *Harris* v. *Warre, supra.* The defendant cannot plead the truth in justification unless the charge is made precise. *Odg. Lib. & S.* (*2d Eng. ed.*) 404. It is not sufficient to give the substance or purport of the words."

The defamatory words were not specifically quoted although it may be argued that the imputations to be drawn from the averments are that the defamatory words are: "Mary Hand is guilty of both bigamy and adultery." Assuming that such were the words, it is contended by the defendant that they were used disjunctively and therefore it is impossible to properly answer the complaint or prepare a defense to the same.

Disjunctive allegations are those which are plead in the alternative form and the clauses of which are usually separated by the words "or." *Balantine's Law Dictionary,* 1930.

The plaintiff is a female and as such might be guilty of both of the crimes of adultery and bigamy, and the averments are not therefore inconsistent. It is desirable, however, that the exact words be alleged in the form of quotation.

*Reason One*—In support of the principle asserted by the defendant, further reliance upon the case of *Webster* v. *Holmes, supra,* is had, wherein at *p. 58* of 62 *N. J. L.,* at *p.* 779 of 40 *Atl. Rep.,* it was held:

"It is necessary, in order that the pleading be not demurrable, that not only the words must be set forth, but, in some form or other it must be averred that they were false and malicious. It may not be material to the sufficiency of the declaration in what form the falsity or maliciousness be stated, but it has always been understood that the declaration must charge the falsehood or maliciousness of the slanderous words or terms used. In some form or other, these essentials of proper pleading must appear, and no better averment than that laid down in the books of pleading can be employed— that is, that the words were defamatory, false and malicious— and no good reason can be perceived for departing from these well-recognized and established forms."

The words of defamation averred in the amended complaint charged the plaintiff with the commission of two crimes— bigamy and adultery—each of which is indictable under our statutes. *R. S.* 2:113–1 and 2; *N. J. S. A.* 2:113–1 and 2; *R. S.* 2:106–1; *N. J. S. A.* 2:106–1. Such words are actionable *per se.* *Shaw* v. *Bender* (*Court of Errors and Appeals,* 1916), 90 *N. J. L.* 147 (at *p.* 149) ; 100 *Atl. Rep.* 196.

In the Webster case, the defamatory words were not set forth in the declaration. There is authority to the effect that where the words are actionable *per se,* the failure to allege falsity thereof is immaterial upon the reasoning that the plaintiff is entitled to the presumption of innocence and therefore there is *prima facie* evidence of falsity and allegation of falsity is thereby unnecessary. 37 *C. J.* 33.

While the new rules have abolished the distinctive common law forms, the essential and differentiating rules applicable to pleadings as established at common law still survive as a basis of remedial law. *Ward* v. *Huff* (*Supreme Court,* 1919), 94 *N. J. L.* 81; (at *p.* 84) ; 109 *Atl. Rep.* 287. There may exist in the amended complaint the inference of the allegation of falsity, but the safest course is to utilize the time honored forms of pertinent pleading stripped of their verbiage. *Marine Trust Co.* v. *St. James Church* (*Court of Errors and Appeals,* 1913), 85 *N. J. L.* 272 (at *p.* 274) ; 88 *Atl. Rep.* 1075.

Since the allegations of the amended complaint charge that the defamatory words were published without cause or provocation, malice may be inferred therefrom. *Pennington Trap Rock Co.* v. *Pennington Quarry Co.* (*Supreme Court,* 1944), 22 *N. J. Mis. R.* 318 (at *p.* 322) ; 38 *Atl. Rep.* (*2d*) 869; *Louis Kamm, Inc.,* v. *Flink* (*Court of Errors and Appeals,* 1934), 113 *N. J. L.* 582 (at *p.* 588) ; 175 *Atl. Rep.* 62; *Wendelken* v. *Stone* (*Court of Errors and Appeals,* 1915), 88 *N. J. L.* 267; 86 *Atl. Rep.* 376.

Observations relating to a specific allegation of falsity above referred to are equally applicable to an allegation of malice. In removing any doubt, specific averment of malice is preferable.

In *Odgers on Libel and Slander* (*2d ed.*) 495, this caution is set forth:

"Then it should be averred that the defendant spoke or wrote and published the words 'falsely and maliciously.' This is a time-honoured phrase which appears in every statement of claim; and it would be foolish to idly raise a point of law by omitting it; though in my opinion its omission would not be a fatal defect."

*Conclusion*—Under the circumstances, the motion to strike the amended complaint will be treated as a special demurrer and granted. In accordance with rule 31 of the Supreme Court, *N. J. S. A. tit.* 2, leave is reserved and given to the plaintiff to file and serve a further amended complaint. Attention is directed to the statute of limitations in actions of libel and slander. *R. S.* 2:24–3; *N. J. S. A.* 2:24–3, and the case of *Limpert Brothers* v. *Stitt* (*Court of Errors and Appeals,* 1920), 94 *N. J. L.* 472; 110 *Atl. Rep.* 832.

Appropriate rule in accordance with these conclusions may be presented providing for the filing and service of an amended complaint within ten days from the date of the rule.