Per Curiam,
We think the learned judge below was entirely right in holding that the publication in question was a libel. It was not in any sense a privileged communication. It was not a report of a judicial proceeding. It consisted merely of some comments by a reporter upon a case pending before a justice of the peace, in the course of which he said: “ Jacob kletzgar (meaning the plaintiff) a witness in the case and son-in-law of Mrs. Leidig, whose idea of an oath appeared in yesterday’s £ Times,’ was arrested after his evidence was taken, on Thursday afternoon, by Sheriff Bowers, of Lehigh county, at the instance of J ohn D. Stiles, attorney for Mrs. Leidig, on account of his criminal evidence in the Leidig case. In default of the necessary bail he was committed to the Lehigh county jail.” It appeared that Mr. Metzgar had not been arrested, nor had he been committed to jail for want of bail. The reporter may have written this paragraph for the mere purpose of giving spice to his paper, or from other motive. It was urged that the article was not libellous because it imputed no particular crime *388 to the plaintiff. We are unable to see the force of this. It is true, no offence was named, but it is idle to say that .a statement that a man has been arrested and committed to the county prison in default of bail does not mean anything. It means a great deal and is the more damaging from what it leaves unsaid. It could not but convey the impression that the plaintiff had committed some crime, and its very vagueness left the charge open for anything the imagination of the reader might supply.
It was urged, further, that the plaintiff had no character to lose, and therefore it could not be injured. That was for the jury and they have found it was worth at least $125.
Judgment affirmed.