MARINE TRUST COMPANY, RESPONDENT, v. ST. JAMES A. M. E. CHURCH ET AL., APPELLANTS.

Argued June Term, 1913—Decided November 17, 1913.

1. Absence of essential averments in a complaint on promissory note under the Practice act, 1912—*Held*, cured by the incorporation of such averments in the reply, no motion to strike out the complaint having been theretofore made.

2. Under Practice act, 1912, an answer corresponding to a plea in abatement is improper, as matters formerly cognizable under such plea must be settled by motion.

3. The proof of the consideration of a negotiable note is *prima facie* unnecessary as consideration is presumed, but is not incompetent.

4. *Semble*, that the authority for officers of a Methodist church to borrow money on the credit of the church and execute obligations binding said church therefor, must be conferred by the congregation and not by the church trustees.

---

On appeal from the Atlantic County Circuit Court.

For the appellants, *John J. Crandall.*

For the respondent, *Schimpf & Sheen.*

The opinion of the court was delivered by

PARKER, J. The suit was on a promissory note of which the following is a copy:

"$2875.00/100. ATLANTIC CITY, N. J., May 29, 1912.

"Two months after date we promise to pay to the order of ourselves at the Marine Trust Company of Atlantic City, N. J., Twenty-eight hundred seventy-five 00/100 dollars without defalcation or discount, value received.

"ST. JAMES A. M. E. CHURCH,
"H. P. ANDERSON.
"DAVID CAMPBELL, *Sec.*
"WILLIAM BELL, *Treas.*"

This note was endorsed thus:
"ST. JAMES A. M. E. CHURCH,
"H. P. ANDERSON, *Pastor,*
"DAVID CAMPBELL,"
and a number of other individual names.

There was no substantial question about the genuineness of the various signatures, and it appeared beyond dispute that the note had come to the plaintiff for full value, in the

ordinary course of business, and in renewal and reduction of a series of similar notes.

The complaint, under the Practice act of 1912, alleged that plaintiff sued upon the note, describing it and annexing a copy of the note and endorsements, and averring that plaintiff "still owns said note" and that it had not been paid. Defendants filed an answer setting up various claims, which will be considered in due course.

At the opening of the trial defendant moved for judgment on the ground set up in the first paragraph of the answer, viz., that the complaint failed to aver that defendant church had endorsed the note (which was made payable to its own order) and delivered it to plaintiff.

The complaint is doubtless faulty in this regard, even though it says that plaintiff "still owns" the note. It seems to be decidedly faulty as to the other endorsers, against whom a recovery was had, in failing to aver that the note was presented for payment and dishonored, and that the endorsers had notice of such presentment and dishonor.

It seems odd that such lapses in pleading should occur as a result of the abolition of the common counts in *assumpsit* and the substitution of pleadings that must say what is meant; but the frequency of motions addressed to pleadings under the new Practice act justifies the remark that where such books as *Bullen & Leake's Precedents of Pleadings* are not available (see that work, pages 131, 132), the safest course is to utilize the special counts contained in the old form books which, when stripped of their verbiage, will usually be found to answer the purpose admirably. Special counts adapted to this case will be found in 2 *Chit. Pl.* (*7th Am. ed.*) 126, 131. With regard to the present case, it suffices to say that the insufficiency of the complaint as to the endorsers was not raised at the trial, and that as respects the maker, no motion to strike out the complaint appears to have been made and any hiatus in the allegations was filled in by those of the reply, from paragraph 4, of which it appeared that there had been the course of dealing already mentioned between the parties, and that the note was given to plaintiff for money

loaned to the church. Were there legal error in overruling the motion it would not avail the appellants in view of section 27 of the Practice act, 1912, providing that "no judgment shall be reversed * * * for error as to matter of pleading or procedure, unless after examination of the whole case it shall appear that the error injuriously affected the substantial rights of a party." It was perfectly obvious that the suit was on the note by plaintiff as holder thereof, and that it had loaned thereon; and that the circumstances of the loan and its non-payment were entirely within the knowledge of defendants. This disposes of the first three grounds of appeal.

The next ground is that there was a misnomer of the church corporation set up in the answer, and that the motion for judgment should have prevailed for this reason. But this part of the answer amounted to a plea in abatement, which is abolished by rule 38 appended to the Practice act of 1912, now rule 56 of the revised Supreme Court rules of 1913, requiring in lieu of a plea in abatement that objection be made on motion. It was improperly set up by answer and could not be raised at the trial. This part of the answer should have been struck out on proper application.

The next two grounds challenge the sufficiency of the reply by general denial to paragraphs 3 and 4 of the answer. Paragraph 3 amounts to a plea of general issue in *assumpsit;* paragraph 4 denies that the individual endorsers delivered the note to plaintiff or received any consideration for enforcing the same; asserts that their names were affixed before the maker signed; and alleges that the officers of the church were without authority to bind said church by signing the note. This answer is plainly bad for duplicity, but plaintiff chose to traverse it by a general denial and to join issue on paragraph 3 by a similar denial. By rule 36 the denial of a material allegation constitutes an issue and no other joinder of issue is necessary. If paragraph 3 put the case at issue on the matters therein mentioned, no reply was necessary, and certainly a denial was no more than a *similiter* at common law and did no harm; the same may be said of the reply to

paragraph 4. If either paragraph set up any new traversable matter the general denial was adequate to traverse it.

Next, it is argued that the court erred in permitting plaintiff to file reply at the trial and in ordering on such trial without giving defendant an opportunity to examine' into and prepare to meet the allegations of the fourth paragraph of such reply. This is the paragraph that gave the detailed history of the loan transaction, as already stated. The court's action may be fully justified on the ground that the paragraph set up nothing but what was or should have been en-' tirely familiar to defendant's counsel and the parties concerned, and that they could not have been in any better position to deny or explain it later than they were in at that time; that defendant's answer was not filed until two days before the trial; and that the substantial rights of the parties were in no way injuriously affected.

The next point is frivolous. It is that the note was admitted in evidence over the objection that there was a variance, in that the' complaint alleged that the defendant made a note payable to itself, and that the note reads "to the order of ourselves." A copy of the note was attached to and made a 'part of the complaint, thereby curing any fault in pleading it, and the court very properly, but doubtless unnecessarily, allowed an amendment to correspond to the language of the note.

· Defendant challenged the admission of proof of the consideration of the note. This was *prima ·facie* unnecessary (*Negotiable Instruments act of* 1902, § 24; *Pamph. L., p.* 589), but it certainly did not prejudice the defendant. The next three grounds are governed by the same principle. The objection that it was not competent for the cashier of plaintiff to testify from the company's books was not taken at the trial. As to the signature cards there was no ground stated for the objection to them or for the motion to strike them out. They were the usual signature cards signed by dealers for identification of signatures and to indicate authority to sign checks, and were competent, if for no other purpose, to show that when the proceeds of the loan had been drawn, the drafts

were those of duly accredited officers of the defendant corporation.

The next ground of appeal bears on evidence to show the passage of a resolution by the church congregation, authorizing the raising of the loan. The objection taken at the trial was that the minutes were the best evidence. This is not now argued, and may be considered abandoned. The objection now made is that the trustees, and not the congregation, were the body that could legally authorize the borrowing of the money. If in fairness to the trial court it could be considered, it would in all probability be without legal support. *Worrell* v. *First Presbyterian Church,* 8 *C. E. Gr.* 96; *Everett* v. *First Presbyterian Church,* 8 *Dick. Ch. Rep.* 500; *Page* v. *Asbury M. E. Church,* 8 *Buch.* 114.

The next ground, numbered 8 in the record, is not argued.

The ninth ground is that the court erred in directing a verdict against the endorsers (*a*) without specifying who were to be considered such. This is controlled by the statute. *Comp. Slat.,* p. 3737, §§ 17, 63, *pl.* 6. There was no exception or objection to the charge in this or any other respect, and the question who were endorsers and who were signing as officers of the church was not raised in any way; (*b*) (*c*) in imposing liability on them, irrespective of the liability, or indeed the existence of a legal maker. This is correct. *Negotiable Instruments act, Comp. Slat.,* p. 3743, §§ 65, 66; (*d*) as implying that the parties that signed on the back of the note are liable in the absence of proof that they or any of them participated in the negotiation of the note or its delivery. The defendant's own evidence showed that they signed for the express purpose of enabling the church to raise the money. As to all the questions raised by this ninth ground of appeal, it may be said that it is not argued or briefed, and is therefore to be considered abandoned.

The remaining grounds of appeal are directed to portions of the charge that were in no way called to the attention of the trial court.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, VREDENBURGH, CONGDON, TERHUNE, HEPPENHEIMER, JJ.    11.

*For reversal*—None.