RAYMOND C. RODGER, Plaintiff, v. AMERICAN KENNEL CLUB, INC., Defendant.

Supreme Court, New York County, January 31, 1928.

**Libel and slander — complaint — publication of statement that plaintiff had been accused of misconduct in connection with sale of dog and had been suspended from privileges of defendant — complaint states cause of action for libel — special damages — complaint is insufficient to extent it is based on innuendo charging fraud, in absence of allegation of special damages.**

The complaint in this action for libel, which alleges publication by defendant of the statement that plaintiff had been accused of misconduct in connection with the sale of a dog and had been suspended from all the privileges of defendant until he returned the price of the dog to the person to whom he sold it, states a good cause of action for libel, since the statement was directly calculated to affect the plaintiff in his business; the failure to allege that the contents of the publication were false does not impair the sufficiency of the pleading, since truth is a matter of affirmative defense by way of justification.

However, in the absence of any allegation of special damages, the complaint is insufficient to the extent that it is based upon an innuendo charging that the defendant intended to and was understood to mean that plaintiff had been guilty of a fraud, but since the pleading states a good cause of action for statements tending directly to injure plaintiff in his business, the motion to dismiss must be denied.

MOTION by defendant to dismiss complaint on ground that on the face thereof it fails to state facts sufficient to constitute a cause of action.

*Milo O. Bennett,* for the plaintiff.

*Winthrop, Stimson, Putnam & Roberts* [*Arthur E. Pettit* and *Hayden N. Smith* of counsel], for the defendant.

FRANKENTHALER, J.   The complaint alleges that plaintiff was known throughout the United States of America to be a wholly reputable and thoroughly honest and competent owner and breeder of thoroughbred dogs and also to be engaged in dealing in such dogs; that the defendant, American Kennel Club, Inc., published of and concerning plaintiff *in connection with his business aforesaid* in a

dog magazine having a wide circulation among dog owners, breeders and prospective purchasers, that charges preferred against plaintiff " *for misconduct in connection with the sale of the collie Lovely Lina* " had resulted in plaintiff's suspension from all privileges of the defendant until he should comply with the ruling of the trial board that he return the price of the collie to the person who had purchased it from him; and that plaintiff has been damaged in consequence of the publication in the sum of $50,000. The complaint states a good cause of action for injury to plaintiff in his business or calling. " Words may libel one in his business or calling even though they do not necessarily hold him up to hatred, ridicule or contempt. It is sufficient that the words tend directly to injure him in such business or calling. They may only charge one with conducting his business in a mean and unpopular manner, and be actionable." (*Shubert* v. *Variety, Inc.*, 128 Misc. 428, 432; affd., 221 App. Div. 856, on opinion of LEVY, J.; Odgers Lib. & Sland. [5th ed.] 32; Newell Sland. & Lib. [4th ed.] 156.) It must be obvious that the publication of a statement that plaintiff had been accused of misconduct in connection with the sale of a dog and that he had been suspended from the privileges of the defendant until he returned the price of the dog, was directly calculated to affect the plaintiff in his business. The failure to allege that the contents of the publication were false does not impair the sufficiency of the pleading since truth is a matter of affirmative defense by way of justification. (*Gutkes* v. *N. Y. Produce Exchange*, 46 Misc. 133; affd., 112 App. Div. 920; *Hunt* v. *Bennett*, 19 N. Y. 173, 176.) It is true that the innuendo charges that the defendant intended to and was understood to mean that plaintiff had been guilty of a *fraud* in a monetary transaction connected with the sale of a dog, but where the language complained of is actionable *per se* an innuendo asserting a different construction may be rejected as surplusage. (*Morrison* v. *Smith*, 177 N. Y. 366; *Cafferty* v. *Southern Tier Pub. Co.*, 226 id. 87, 90; *Martin* v. *Press Pub. Co.*, 93 App. Div. 531.) The innuendo of fraud here pleaded is justified, if at all, only by reason of extrinsic matter set forth as to the provisions of the defendant's by-laws. Where it is necessary to allege extrinsic facts to show that a publication is defamatory, special damages must also be pleaded. (*O'Connell* v. *Press Pub. Co.*, 214 N. Y. 352; *McNamara* v. *Goldan*, 194 id. 315, 321; *Crashley* v. *Press Pub. Co.*, 179 id. 27.) The complaint under consideration contains no allegation of special damages (*O'Connell* v. *Press Pub. Co.*, *supra*, 358) and is, therefore, insufficient to the extent that it is based upon the innuendo. Plaintiff argues that by reason of his averment that defendant had *published* its by-laws prior to the alleged libel complained of,

City Court of New York, January, 1928.    [Vol. 131

the contents of the by-laws do not constitute extrinsic matter, but, on the contrary, are to be regarded as part of the libelous article. Not only am I unaware of any authority for this proposition, but I cannot agree with it on principle, especially since the publication of the by-laws had no relation whatsoever to any transaction in which the plaintiff was involved. No reference to plaintiff was made in connection with the publication of the by-laws. They were, therefore, just as much extrinsic matter as if their provisions had been brought to the attention of the public by some other means and the failure to allege special damages is, therefore, fatal. As the complaint does, however, state a good cause of action for statements tending directly to injure plaintiff in his business the motion to dismiss is denied.