(No. 23531.—

THE SEAGRAM-DISTILLERS CORPORATION, Appellee, *vs.* THE OLD DEARBORN DISTRIBUTING COMPANY, Appellant.

*Opinion filed June 17, 1936.*

IRVING BREAKSTONE, and IRVING GREENSPAHN, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, (ISAAC H. MAYER, CARL MEYER, RICHARD MAYER, LOUIS A. KOHN, and OTTO KERNER, JR., of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

At the suit of the Seagram-Distillers Corporation the circuit court of Cook county permanently enjoined the Old Dearborn Distributing Company from willfully and knowingly advertising, offering for sale or selling "Seagram's" or "Kessler's" products in this State at less than the prices stipulated by plaintiff from time to time, under the Fair Trade act, in accordance with the terms of contracts made pursuant to that act between plaintiff and distributors or retailers.

There is no material dispute as to the facts. Plaintiff, a Delaware corporation licensed to do business in Illinois, deals in alcoholic beverages solely at wholesale. It does not manufacture, but buys, Seagram's whiskys and gins and

Kessler's blended whiskys from the producers, Joseph E. Seagram & Sons, Ltd., Joseph E. Seagram & Sons, Inc., and affiliated corporations. Its place of business in this State is in the city of Chicago. It has been so engaged in business since July, 1934. The commodities it sells bear labels and trade-marks, and they are in fair and open competition with commodities of the same general class produced by others. Defendant is a corporation operating four retail liquor stores in the city of Chicago. Its charter powers include sales at both wholesale and retail. Plaintiff's sales in Chicago have been confined to wholesale distributors. It has never sold any of the products in controversy to defendant but has sold other liquors to it. Contracts in conformity with the terms of the Fair Trade act have been executed between plaintiff and certain distributors and between plaintiff and certain numerous Illinois retailers, although plaintiff does not sell beverages direct to any retailer. One of such contracts was executed by plaintiff and signed by defendant's secretary and treasurer. The contracts provide that the Seagram products shall not be sold, advertised or offered for sale in Illinois below the prices stipulated by plaintiff. Defendant sold such merchandise at cut prices but at a profit to itself. It continued to do so after plaintiff's demand that it cease such practice. On account of such price-cutting, plaintiff and other retailers dealing in Seagram products suffered a diminution of sales during the price-cutting period. Some dealers took the products from display, and some of them notified plaintiff they could not compete with defendant and would discontinue handling Seagram products unless the price-cutting was stopped. Defendant was a party to breaches of other fair trade contracts between plaintiff and certain distributors, and continued the price-cutting throughout the trial of the instant case.

Defendant contends that the Fair Trade act (Ill. State Bar Stat. 1935, chap. 140, pars. 8-11,) violates several

specified provisions of the State and Federal constitutions, the Sherman Anti-Trust act, the Anti-Trust act of this State, and the Federal Trade Commission act; that re-sale price-maintenance contracts are invalid under such constitutional and statutory provisions and are void at common law as unfair competition. These contentions are answered adversely to defendant's claim in *Triner Corp.* v. *McNeil,* (*ante,* p. 559,) decided at the present term of this court. That opinion sets out the pertinent provisions of the act, and they need not be repeated here.

The claim that the transactions between plaintiff and defendant are interstate transactions must likewise be denied. Plaintiff maintains a warehouse in Chicago and all of its purchases are delivered there from the producers. The products are not shipped to plaintiff's customers from outside the State but are delivered from its Chicago warehouse. They are in no sense interstate transactions. *Rudin* v. *King-Richardson Co.* 311 Ill. 513; *Schechter Poultry Corp.* v. *United States,* 295 U. S. 495.

Neither does the act violate section 13 of article 4 of the constitution of this State by amending the Illinois Anti-Trust act without including that subject in the title. The Fair Trade act is complete within itself and does not purport, either in its title or in the body thereof, to amend or revive any other act. Even though it may by implication modify or repeal prior existing statutes, that fact does not constitute a violation of the constitutional provisions. The constitution does not require that all legal effects of an act, such as a repeal by implication of a former act, shall be stated in the title. Where the subject of the act itself is embraced in the title all legal consequences necessarily flowing from it will, for the purpose of constitutional requirement, be regarded as embraced in the title. *Village of Averyville* v. *City of Peoria,* 335 Ill. 106; *People* v. *Borgeson,* id. 136.

It is argued that the facts show a conspiracy to stifle competition and fix prices in restraint of trade, and that therefore plaintiff comes to court with unclean hands and cannot maintain its action. There is no showing, nor even an attempt to show, that plaintiff has entered into an agreement or understanding with any other person or corporation in a like situation to maintain or control the sale price or re-sale price of any commodity handled by it. Nor does the fact that defendant is a wholesaler take the transactions without the terms of the statute. It does not deal directly with plaintiff. If it desired to purchase at wholesale from plaintiff it would be in the same class as other distributors to whom plaintiff sells. The relation between plaintiff and the wholesalers to whom it sells is different from the relation among such purchasing wholesalers. It is the same relation that the wholesaler bears to the retailers to whom he sells. Contracts between plaintiff and wholesale distributors, or between distributors and retailers, are denominated vertical price-fixing contracts. Such contracts are permitted by the statute. Contracts between producers or between wholesalers or between retailers as to sale or re-sale prices are denominated horizontal price-fixing contracts and are not within the terms of the statute because of their character as combinations in restraint of trade. Such contracts are uniformly held invalid. The admitted facts show that the transactions in controversy belong in the class of vertical price-fixing contracts, which are not subject to the contention urged.

We are not concerned with the claim that the contract between plaintiff and defendant was not executed by the defendant's proper officers or that it is invalid for lack of mutuality. Section 2 of the Fair Trade act applies to willfully and knowingly advertising, offering for sale or selling any commodity at less than the prices stipulated in any contract entered into pursuant to the provisions of section 1

of the act, whether the person so doing is or is not a party to such contract.

We are of the opinion that the Fair Trade act is valid and that under the facts in this record plaintiff was entitled to equitable relief by injunction.

The decree of the circuit court was correct and is accordingly affirmed.

*Decree affirmed.*