Old Dearborn Distributing Company, Appellant, v.
Seagram Distillers Corporation, Appellee.

Gen. No. 39,058.

Opinion filed January 4, 1937.

IRVING BREAKSTONE and IRVING GREENSPAHN, both of
Chicago, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for
appellee; FREDERIC BURNHAM and RICHARD MAYER, of
counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opin-
ion of the court.

The Old Dearborn Distributing Company brought
an action on the case against the Seagram Distillers

Corporation for an alleged libel; filed an amended complaint on May 15, 1936, to which defendant interposed a motion to dismiss in the nature of a demurrer, asserting that the amended complaint failed to state any cause of action and was substantially insufficient in law because the alleged libelous matter was not defamatory or actionable; because the complaint attempted unjustifiably by innuendo to enlarge the meaning of the words in such manner as to impute to them libelous import; because the alleged libel did not purport to be published of and concerning the plaintiff, but plaintiff by innuendo attempted unjustifiably to enlarge the meaning of the words in such manner as to cause them to appear to have been said concerning the plaintiff; because the subject matter was not libelous and there were no allegations of fact in the amended complaint which would render them actionable; and because the pleading was replete with conclusions not predicated upon any alleged facts and, in its allegations of alleged falsity, failed to give any specifications thereof. Upon the hearing the court sustained the motion, and plaintiff electing to stand on its amended complaint, the cause was dismissed. Plaintiff has appealed to this court.

This is not the first litigation in the courts of this State between plaintiff and defendant. (See *Seagram-Distillers Corp. v. Old Dearborn Distributing Co.*, 363 Ill. 610, 2 N. E. (2d) 940.) The question for determination in this record is whether the complaint states a cause of action.

The amended complaint in the indictment alleges that plaintiff is a corporation licensed and authorized by the State and engaged in buying, selling and manufacturing wine and spirituous liquors at wholesale and retail in the city of Chicago, and is of good name, credit and reputation; that defendant is a corporation organized under the laws of the State of Delaware

and licensed to do business in the State of Illinois, where it is engaged in the business of selling alcoholic beverages of standard quality under the trade marks, brands and names of the producers; that on November 19, 1935, defendant brought an action in chancery in the circuit court of Cook county against the plaintiff here, said case in the circuit court being number 35 C 16726, wherein the defendant there sought to obtain an injunction against the plaintiff here to restrain plaintiff from advertising, offering for sale or selling certain of the products originally owned by the defendant (but property of the plaintiff by purchase from distributors and vendees of the defendant) at less than certain prices stipulated by the defendant in accordance with the terms and provisions of certain ''Fair Trade Contracts'' of the defendant with Distributors and Retailers. Plaintiff here, defendant there, appeared in the cause by its attorneys and filed its answer, and the cause was thereafter tried before Judge Rush of the circuit court; testimony and evidence heard, testimony closed, and the cause argued by both parties by their counsel, and a decision announced by the court. No decree or judgment had as yet been entered in said cause. The court had taken the cause under advisement. The judge, however, announced on November 26, 1935, in open court that the defendant herein and plaintiff in the circuit court would be denied any injunctional relief in said proceedings, and the cause was continued until November 29, 1935, and thereafter until Saturday, November 30, 1935; that defendant, knowing these things and intending to injure plaintiff and its business, on the 26th and 27th of November maliciously composed and published ''of and concerning the plaintiff and of and concerning the business of the plaintiff'' in certain telegrams of the Western Union Telegraph Company, a libel of and

concerning the plaintiff and its business, in words as follows:

"Chicago, Illinois, Nov. 26, 1935.
"Old Dearborn Distributing Co.,
H. Blum, Pres.
209 South Wabash Ave.,
Chicago, Ill.

"Warning Stop Seagram price policy upheld (*meaning in case No. 35 C 16726, Circuit Court of Cook County*) Stop Judge G. Fred Rush of the Cook County Circuit Court in finding a retailer guilty (*meaning guilty of a criminal offense against the law of the State of Illinois*) of cutting prices on Seagrams products today held Seagrams Fair Trade Contracts to be valid and that the Illinois Fair Trade Act is constitutional. Judge Rush also held that Seagrams required no injunction to restrain price cutting because Seagrams was sufficiently protected by its clear right to recover damages from the price cutter (*meaning the plaintiff.*)
"SEAGRAM DISTILLERS CORPORATION."

The complaint avers that by this telegram defendant intended to impute to plaintiff the commission of a criminal offense; that the words and statements in the telegram were used by defendant in that sense and were so understood by the recipients; that the words and statements in the telegram were further intended to be understood as imputing wrongdoing to and against the plaintiff, and that they were in fact so understood by the persons receiving and reading them; that the defendant published and circulated large numbers of these telegrams to a large number of firms, persons, etc. engaged in the sale of products similar to those sold by plaintiff and defendant; that the statements in said publication were wholly false and by reason thereof plaintiff has been injured, and demands judgment to the amount of $100,000. The plaintiff contends that the words of the telegram are libelous

*per se* when considered in connection with the matters of inducement stated in the complaint. It is admitted that words not in themselves actionable cannot be rendered so by innuendo, but it is contended that the words here used, taken in connection with the prefatory averments of extrinsic facts as set forth in the inducement, are libelous in that it appears the words charged that plaintiff was a ''price cutter,'' was ''cutting prices'' and ''guilty of cutting prices,'' which conduct, it is averred, constitutes a crime under the Illinois Fair Trade Act (see Illinois State Bar Stats. 1935, ch. 140, ¶¶ 8 to 11; Jones Ill. Stats. Ann. 134.08–134.11), which was held by the Supreme Court of this State to be valid and constitutional in *Triner Corp. v. McNeil,* 363 Ill. 559; *Seagram-Distillers Corp. v. Old Dearborn Distributing Co.,* 363 Ill. 610, 2 N. E. (2d) 940. The telegram states that Judge Rush found ''a retailer guilty'' of cutting prices on Seagram's products, and the innuendo says, thereby ''meaning guilty of a criminal offense against the law of the State of Illinois''; but an examination of the statute to which plaintiff refers discloses that it does not denounce the acts described in the alleged libelous matter as criminal nor prescribe a penalty for the violation thereof. The mere use of the word ''guilty'' in the telegram does not amount to the imputation of a crime. Newell on Slander and Libel, 4th ed., sec. 549, p. 600; *Kuder v. Waukesha County,* 172 Wis. 141, 178 N. W. 249–251; *Zurawski v. Dziennik, etc., Corp.,* 286 Ill. App. 106, 2 N. E. (2d) 956. The words used in the alleged libel can therefore not be held to be libelous *per se* upon the theory that a criminal offense is charged. Neither does the extraneous matter referred to in the inducement and the innuendoes render the alleged libel in fact defamatory. As defendant points out, the pleading does not charge that plaintiff was falsely accused of being a ''price cutter''; does not charge that Judge

Rush never found that it had been "cutting prices." The charge is that defendant falsely published that Judge Rush had found that it was a "price cutter" *on a certain date,* and had made certain other findings on that date, when, as a matter of fact the judge did not make such findings at that particular time. The pleading carefully avoids charging that the things said to have been found by the judge were in fact untrue. The pleading charges that the statements in the telegram were wholly false, but the statements, and all of them, were only to the effect that the trial judge found certain things were done *upon a certain date.* This does not amount to an allegation that the statements were untrue, nor that the findings of the judge, if made, would have been incorrect. As defendant says, "Plaintiff does not deny the truth of the things which the defendant published that Judge Rush had found but merely denies that it was true that Judge Rush had made such findings *on that particular day.*" In other words, the statements were said to be false, therefore, only as to the alleged fact of Judge Rush making certain findings *on November 26, 1935,* but there is no averment that if such findings had been made by the judge they would not have been true. This omission in the alleged libel could not be cured by the extraneous matter stated in the inducement and in the innuendoes. We hold the complaint failed to state a cause of action and for that reason a motion to dismiss was properly allowed.

It is difficult to understand why the docket of the courts should, under all the circumstances, be incumbered by this case. It appears that in the very proceeding concerning which the telegram complained of was sent, Judge Rush finally not only found plaintiff to be a "price cutter" but issued an injunction against plaintiff, which was upon appeal affirmed by the Supreme Court of Illinois—*Seagrams-Distillers Corp. v.*

*Old Dearborn Distributing Co.,* 363 Ill. 610, 2 N. E. (2d) 940. The Supreme Court of the United States has in turn affirmed the Supreme Court of this State. *Old Dearborn Distributing Co., Appellant, v. Seagram-Distillers Corp., Appellee,* No. 226, opinion filed December 7, 1936, 57 Sup. Ct. 139.

Plaintiff having been thus adjudged guilty by local, State and Federal courts of the charge concerning which he now complains, this suit appears to be purposeless.

The judgment is affirmed.

*Affirmed.*

O'Connor and McSurely, JJ., concur.