JACOB C. FRITSCHLE, Appellant, v. KETTLE RIVER COMPANY, a Corporation, and JALMER E. PETERSON.—139 S. W. (2d) 948.

Division One, May 7, 1940.

*Richard F. Ralph* and *Cullen, Storckman & Coil* for appellant.

*Bryan, Williams, Cave & McPheeters* for respondents.

HYDE, C.—This is an action for $25,000 actual damages and $25,000 punitive damages for libel or slander. The trial court sustained defendants' separate demurrers on the ground that plaintiff's petition "does not state facts sufficient to constitute a cause of action." Plaintiff has appealed from the judgment of dismissal entered.

The material parts of plaintiff's petition are, as follows:

"Plaintiff further states that prior to October 1, 1934, he had had business dealings from time to time with the defendants and with the Kettle River Treating Company, of which company defendant Peterson was an officer, and the business of which the defendant Kettle River Company succeeded.

"Plaintiff further states that a controversy arose between defendants and plaintiff, the subject of which was the claim of defendants that plaintiff owed defendants the sum of three hundred dollars ($300.00), and which sum plaintiff claimed he did not owe to defendants, or either of them.

"Plaintiff further states that in 1934, and for many years before, he had been a depositor with and a customer of the Mercantile-Commerce Bank & Trust Company, a banking institute in the City of St. Louis; that in the conduct of plaintiff's business it has been, and will be in the future, necessary for him to borrow large sums of money from time to time and for many years prior to October, 1934, he had negotiated loans with the Mercantile-Commerce Bank & Trust Company, and that said company was his sole banking and financial connection; that such loans had been paid agreeably to the parties thereto and the business relationship existing between the said Trust Company and plaintiff at all times had been cordial and satisfactory.

"Plaintiff further states that during the pendency of the controversy aforesaid between plaintiff and the defendants, the defendant Peterson, as the officer, manager, agent, servant and employee of

the defendant Kettle River Company, in the due course and scope of his employment by the defendant Kettle River Company, did repeatedly and maliciously in writing threaten plaintiff that unless plaintiff paid defendant Kettle River Company the sum of three hundred dollars ($300.00) that defendants would report to the plaintiff's bank that plaintiff owed defendant Kettle River Company the sum of three hundred dollars ($300.00) and that plaintiff refused to pay defendants said sum.

"Plaintiff further states that defendants did, on or about Nov. 1, 1934, maliciously and without just cause or excuse, and with the sole and malicious intent and purpose of destroying plaintiff's credit with said Trust Company and the good opinion in which plaintiff was held by said Company and to interfere with, injure and destroy the lawful business in which plaintiff was then engaged, advise the Mercantile-Commerce Bank & Trust Company that plaintiff owed defendant Kettle River Company the sum of three hundred dollars ($300.00) and that plaintiff refused to pay said sum to defendants.

"Plaintiff further states that by reason of the act of defendants done as aforesaid, and as a direct result thereof, plaintiff's lawful business was interfered with and was injured; that plaintiff's credit with said Trust Company and plaintiff's good standing with said Trust Company was destroyed; that plaintiff had been caused to suffer great anguish of mind and has suffered and will continue to suffer irreparable financial losses."

Plaintiff says that defendants' "interference with, injury to, and destruction of the lawful business of plaintiff" with malicious intent and purpose, was the gravamen of the action, citing conspiracy cases such as Stewart Land Co. v. Perkins, 290 Mo. 194, 234 S. W. 653. Plaintiff further says that, in such cases, "the gravamen of the complaint is not the unlawful combining, but, rather, the damage done as the result of the wrongful and malicious act of interfering with and destroying the lawful business of another person." However, the interference here charged was alleged to be due to a single statement made concerning plaintiff, so this petition must be considered as based on libel or slander. In no case cited by plaintiff was the interference, complained of, a mere claim to one other individual or company that a single debt was due and unpaid to the defendants. It is significant that such words as "false" or "falsely" do not appear in plaintiff's petition. Moreover, the petition does state that there was a controversy between the parties as a result of their business dealings and that defendants claimed that plaintiff owed the defendant corporation the sum of three hundred dollars. It is not alleged that this was a false claim or that there was no reasonable basis for it, but only that plaintiff claimed he did not owe that sum to defendants. Plaintiff did not even specifically deny owing any amount. Whether plaintiff's claim was based on never owing $300, or payment,

or part payment, or counterclaims, is not disclosed. Nor are any facts stated to show the basis of either party's claim.

Furthermore, actual words used by defendants' officer are not set out but only plaintiff's conclusion about their import. [See 37 C. J. 26, sec. 334; 17 R. C. L. 390, sec. 142; Watson v. Musick, 2 Mo. 29; Remmers v. Remmers, 217 Mo. 541, 117 S. W. 1117.] Even when words are set out, demurrer does not admit an unfair or forced construction thereof. [Diener v. Star-Chronicle Pub. Co., 230 Mo. 613, 132 S. W. 1143; see also 17 R. C. L. 398, sec. 153.] Here there is nothing stated concerning the circumstances as to how defendants proceeded to "advise" the Trust Company, or how any information was imparted, or whether it was by an oral statement or in writing. For all that appears, a statement that this amount was due might have been included in a list of assets in a financial statement; and it could have consisted of only a statement of a different amount than plaintiff claimed to be the correct balance between the parties, if some amount was actually due. Plaintiff must make a prima facie showing of falsity of the statement, of which he complains, because the truth of an alleged libelous accusation makes the motive therefor immaterial. [Sullivan v. Connecticut Mutual Life Ins. Co., 337 Mo. 1084, 88 S. W. (2d) 167; see also Glencoe Lime & Gravel Co. v. Hudson Bros. Comm. Co., 138 Mo. 439, 40 S. W. 93.] Because of plaintiff's failure to set out any words claimed to have been used and because of his failure to allege that the statement made was false, we hold that the trial court properly sustained defendants' demurrers.

The judgment is affirmed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.