Argued October 31, affirmed December 29, 1960

# FOWLER *v.* DONNELLY
### 358 P. 2d 485

*Owen M. Panner*, Bend, argued the cause for appellant. On the brief were McKay, Panner & Marvin, Bend.

*James M. Burns*, Portland, argued the cause for respondent. With him on the brief was James F. Bodie, Prineville.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and King, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, Harry Fowler, from a judgment entered by the circuit court in favor of the defendant, Edward A. Donnelly, after it had sustained a demurrer to the complaint (first amended) which challenged that pleading as the statement of a cause of action, and the plaintiff had declined to plead further. The plaintiff is the county judge of Crook County. His judicial powers embrace probate matters only. ORS 5.050. His other duties consist of participation in the affairs of the county court of three members (ORS 203.110) which administers the business of the county. The defendant is the owner and publisher of The Central Oregonian, a weekly newspaper which is published in Prineville.

██ May 1, 1948, according to the first amended complaint, the defendant wrote and published in The Central Oregonian an article entitled "Pokin' Around" which is the basis of this action. The article described in satiric style a hearing which the county court of Crook County conducted a day or two previously at the conclusion of which it approved the undertaking of one Jesse Wooldridge which he filed upon becoming the county sheriff. One of the sureties upon the undertaking was the defendant. The article gives the impression that the plaintiff did not view Wooldridge with favor and was hopeful that he would be unable to furnish the undertaking in the amount of $10,000 required by ORS 204.025 of those who become county sheriff. When the defendant signed the undertaking a public hearing was called to determine whether or not the defendant was able to qualify as surety. The justification of a surety to a sheriff's bond must be made before the entire county court and not before the county judge alone. See ORS 204.025. It was so held in *Riesland v. Bailey*, 146 Or 574, 31 P2d 183. The determination of whether or not a tendered surety is qualified does not call for the exercise of a judicial power, but only for functions that are ministerial. The plaintiff so concedes by stating in his brief "Appellant concedes that he was acting in a ministerial capacity rather than a judicial capacity in the hearing of the sheriff's bond."

The article took as its theme the hearing and more particularly the plaintiff's unfavorable attitude toward Wooldridge and his perturbation when the defendant signed the undertaking. The article which was comparatively short was more than a mere report of the hearing. It employed some badinage in its references to the plaintiff but nothing of bitterness. Sketching

the defendant's preparation for the hearing the article said:

"Came 2 p.m. Friday. The Jedge was on hand, ready to wheel—and deal—right off the bottom of the deck! But right about then Fowler's big hearing begin to fizzle. * * *"

The words "ready to wheel—and deal—right off the bottom of the deck" constitute the part of the article which the plaintiff seemingly deems especially defamatory.

Although the article stated that the plaintiff was "ready to wheel—and deal—right off the bottom of the deck," it mentioned nothing whatever which he did upon that or any other occasion which was improper, unlawful, irregular or unethical. As we have said, he approved the undertaking tendered by Wooldridge and bearing the defendant's signature as the surety. We assume that the words "ready to wheel—and deal— right off the bottom of the deck" imply a readiness to engage in sharp practices. And yet, the article did not intimate that the plaintiff's readiness culminated in anything except his impartial discharge of his duties.

The complaint under attack by the defendant's demurrer alleged that the defendant wrote and published the article which we have described "willfully and maliciously." According to the complaint, the defendant published it "intending to defame plaintiff" and for the purpose of "holding plaintiff up to public scorn, contempt and ridicule." It sought judgment for $25,000 general damages together with punitive damages in the further sum of $25,000.

The complaint made no averment that the article was false in any particular.

In *Thomas v. Bowen*, 29 Or 258, 45 P 768, the defendant was charged with having published two news-

paper articles which stated that the plaintiff was a kleptomaniac and that she had committed the crimes of larceny from a dwelling house and of possessing stolen property. The complaint averred the falsity of the articles. The decision stated:

> "The plaintiff having been charged with the crime of larceny, malice is implied by law, and the burden of disproving it was cast upon the defendants: *Usher v. Severance*, 20 Me. 9 (37 Am. Dec. 33); *Godshalk v. Metzger* (Penn.), 17 Atl. 215. The law presumes that a person is innocent of a crime or wrong: Hill's Code, § 776, subdivision 1. So, where the publication charges an indictable offense, the presumption of innocence is *prima facie* evidence of the falsity and want of probable cause, and sufficient to compel the defendants to allege and prove the truth of the charge: * * *"

In the case from which we just quoted no evidence was introduced at the trial to establish the falsity of the articles, and none to show their truth. Under that state of the record the trial judge granted, upon the defendant's motion, an involuntary non suit. This court held that the non suit was erroneously granted and reversed. It is true that the decision which so ruled stated that the presumption of innocence was "sufficient to compel the defendants to allege and prove the truth of the charge" but it will be recalled that the complaint averred that the articles were false.

In the absence of special circumstances a defamatory publication, in order to be actionable, must be false: Restatement of the Law, Torts, § 558; 33 Am Jur, Libel & Slander, § 110, page 113; 53 CJS, Libel & Slander, § 74, page 124. A complaint must state a cause of action. ORS 16.210 (2)(b). Accordingly, an averment of falsity is necessary to enable the complaint to state a cause of action. The presumption of falsity

which favored the defendant in *Thomas v. Bowen,* supra, is a presumption of fact, and such presumptions do not aid a pleading. *Bedard v. Cunneen,* 111 Conn 338, 149 A 890. Truth is a defense and must be alleged by the defendant, *Thomas v. Bowen,* supra; Clark on Code Pleading, 2d ed, page 620; and *Atwater v. The Morning News Company,* 67 Conn 504, 34 A 865. The defendant has the burden of establishing his plea of truth with evidence, *Grubb v. Johnson,* 205 Or 624, 289 P2d 1067; *Cooley v. Hiner,* 164 Or 161, 100 P2d 608. The purpose of requiring parties to set forth their facts in their pleadings is to bring the facts to light. By going through that process each party gains knowledge of the contentions of his adversary, and the result of their efforts provides the man on the bench, so far as the individual case is concerned, with something in the nature of a compass. The sooner that each party states his position the greater is the service to the administration of justice which the exchange of pleadings can render.

■ There is nothing novel in the requirement that a complaint in a libel action must allege falsity in order to set forth a cause of action and yet require that if the defendant relies upon truth as his defense he must allege and prove it, for we have a corresponding situation in some other types of action. For example, a plaintiff who sues after maturity upon a debt which arose out of contract must allege nonpayment in order to enable his complaint to state a cause of action, but he need not offer evidence of nonpayment. Payment is an affirmative defense. If a defendant depends upon payment as his defense he must allege and prove it. Clark on Code Pleading, 2d ed, pages 285-286 and 610-612.

We see from the foregoing that in *Thomas v. Bowen*

the plaintiff alleged the falsity of the published article. We also see from the foregoing that the allegation of falsity was necessary to enable her complaint to state a cause of action. When the plaintiff rested her case the record was devoid of evidence showing the falsity or truth of the publication, and thereupon the trial judge sustained the defendant's motion for an involuntary non suit. This court, as we have seen, reversed. It pointed out that the burden rested upon the defendant to establish the truth of the article and that the plaintiff was favored with a presumption of innocence.

In the case now at bar the complaint makes no averment that the article of which the plaintiff complains is false. Unless it is false the plaintiff lacks a cause of action. Phillips on Code Pleading, § 494, states:

> "And the charge must be false and must be alleged to be false. The truth of the charge complained of is a good defense, even if the words were spoken maliciously."

We take the following from 53 CJS, Libel and Slander, § 167, page 263:

> "It is generally necessary to allege the falsity of the words complained of, and the allegation of falsity of the charge must be as broad as the charge itself."

Bancroft's Code Pleading, § 1745, states:

> "In the absence of statute otherwise providing, the plaintiff must allege in some way the falsity of the charge. This is true notwithstanding the rule of practice requiring the truth of the charge to be affirmatively pleaded by the defendant if he relies upon that defense."

We have examined many decisions which passed upon the question as to whether a complaint in a libel

action must allege the falsity of the publication in order to state a cause of action. In the absence of special circumstances they employed the rule stated in the texts from which we just quoted. We will mention two or three of them.

In *Fritschle v. Kettle River Co.*, 346 Mo 196, 139 SW2d 948, the court said:

> "* * * Because of plaintiff's failure to set out any words claimed to have been used and because of his failure to allege that the statement made was false, we hold that the trial court properly sustained defendants' demurrers."

In *Old Dearborn Distributing Co. v. Seagram Distillers Corp.*, 288 Ill App 79, 5 NE2d 610, it is stated:

> "* * * As defendant points out, the pleading does not charge that plaintiff was falsely accused of being a 'price cutter'; does not charge that Judge Rush never found that it had been 'cutting prices.' The charge is that defendant falsely published that Judge Rush had found that it was a 'price cutter' *on a certain date*, and had made certain other findings on that date, when, as a matter of fact, the judge did not make such findings at that particular time. The pleading carefully avoids charging that the things said to have been found by the judge were in fact untrue. The pleading charges that the statements in the telegram were wholly false, but the statements, and all of them, were only to the effect that the trial judge found certain things were done *upon a certain date*. This does not amount to an allegation that the statements were untrue * * *. We hold the complaint failed to state a cause of action. * * *"

*Comerford v. Meier*, 302 Mass 398, 19 NE2d 711, ruled:

> "The publication of statements by some of the defendants, as averred in paragraph (b), that the

plaintiff was a 'crook' or had stolen from the bank was not an actionable wrong, because there is no allegation that they were false. * * *"

The following is taken from *Hand v. Hand,* 23 NJ Misc 118, 41 A2d 270:

"While the new rules have abolished the distinctive common-law forms, the essential differentiating rules applicable to pleadings as established at common law still survive as a basis of remedial law. Ward v. Huff, Sup. 1920, 94 N.J.L. 81, at page 84, 109 A. 287. There may exist in the amended complaint the inference of the allegation of falsity, but the safest course is to utilize the time honored forms of pertinent pleading stripped of their verbiage. Marine Trust Co. v. St. James Church, Err. & App. 1913, 85 N.J.L. 272, at 274, 88 A. 1075."

*Atwater v. The Morning News Company,* 67 Conn 504, 34 A 865, which it is claimed is adverse to the above holdings is not in truth adverse. In that case the complaint actually alleged "said publication was false and malicious." (67 Conn 520, 34 A 869). The principal issue in the case was based upon a charge that the defendant published its articles maliciously. The court stated: "Malice is the gist of the action of libel." Malice, and not falsity, was the gist of the case. The court also said:

"Under the new practice the publication is separately alleged, in order that it may be separately admitted or denied, and the allegation of malice with the old descriptive term of 'false,' is made in a paragraph by itself."

Even though in that case the averment of falsity was denied in the answer the latter did not allege the truth of the publication and, therefore, evidence of truth was held inadmissible. The court ruled:

"Unless the truth of the charge is pleaded in

justification, the defendant is not permitted to prove the truth of the words, either for justification or for the mitigation of damages."

Thus, in that case an allegation of falsity was in the plaintiff's initial plea.

We are satisfied that the trial judge properly sustained the demurrer, and upon the plaintiff's failure to plead further entered the challenged judgment. The judgment is affirmed.

McAllister, Chief Justice, and Perry, Goodwin and King, Justices, concur in this opinion.

O'CONNELL, J., dissenting.

The majority opinion disposes of this case upon a ground which was neither presented in the court below nor argued on appeal. The defendant's demurrer was interposed to test the sufficiency of the complaint, not on the ground that it failed to allege the falsity of the alleged defamatory statement, but on the ground that the statement was not libelous. In fact, in the oral argument defendant's counsel conceded that "by demurring we admit that it [the alleged defamatory statement] was false." Plaintiff's counsel now learns for the first time that in an action of libel a complaint is fatally defective even when not attacked by defendant, if it fails to allege the falsity of the statement. This should come as a surprise to him as well as other members of the bar because this court has previously stated in a strong dictum that falsity is not an essential element in pleading defamation. In *Thomas v. Bowen*, 29 Or 258, 266-267, 45 P 768 (1896) we said:

"* * * 'The falsity of defamatory words,' * * * 'is presumed, because the law will not presume misconduct in a person. If libelous *per se*, malice is also presumed; and if the defendant pleads their truth, he must prove it, or, in the absence of any

other defense, respond in damages, at least to some extent * * *.' The rule is ancient and also well established that where the law presumes a fact it need not be stated in the pleading * * *. The publication being presumed false, scandalous, and defamatory, the allegation of these facts was unnecessary and immaterial; and this being so, the legal presumption, until disputed, supplies the necessary evidence, and the plaintiff was under no obligation, in the first instance, to offer any evidence in support thereof * * *. 'Where a party * * * grounds his right of action upon a negative allegation he must prove it. It is then material, and a denial raises a material issue. But it is otherwise if he inserts in his complaint a negative allegation which he need not prove in order to make out a *prima facie* case.' The plaintiff did not base her right of action on the negative allegations contained in the complaint * * *."

The majority now proposes to depart from the view we have previously expressed without giving any convincing reasons why we should do so. It is conceded by the majority that it is defendant's burden to plead and prove truth as an affirmative defense. What purpose is served, then, by requiring plaintiff to allege falsity? It would obviously be a mere formality if, as *Thomas v. Bowen,* supra, advises us, falsity will be presumed. To insist upon such surplusage is to make a fetish out of technical procedure. It should not be necessary to allege in the complaint anything more than is necessary to apprise the defendant of the theory of plaintiff's cause of action. Can it be seriously contended that defendant is not so apprised by a complaint which sets out the alleged defamatory words and charges that he wrote and published them "wilfully and maliciously intending to defame plaintiff; thereby holding plaintiff up to public scorn, contempt and

ridicule all to plaintiff's general damage in the sum of $25,000"? In what way would the addition of the word "falsity" to the above allegation aid the defendant in the preparation or prosecution of his defense?

Other states have held in accordance with the view of *Thomas v. Bowen*, supra, that it is not necessary for the plaintiff to allege falsity. *Atwater v. Morning News Co.*, 67 Conn 504, 34 A 865, 869 (1896) ("[I]t has never been deemed necessary to allege it [falsity] in the declaration"). *Rodger v. American Kennel Club*, 131 Misc 312, 226 NYS 451, 453 (1928) ("The failure to allege that the contents of the publication were false does not impair the sufficiency of the pleading, since truth is a matter of affirmative defense by way of justification").

The Restatement of Torts, § 613[①] sets forth the parties' respective burdens of proof in an action for defamation. In a recent case, the Pennsylvania court, in applying a statute identical in terms with § 613, said: "Defendant * * * alleges that the falsity of the statement must be pleaded in the complaint. Such a position is not tenable [by reason of the Pennsylvania statute identical with § 613]." *Redeker v. Baltz*, 7 D & C2d 605, 608 (Pa 1956). In my opinion this is a sound application of the provisions of § 613.

---

[①] § 613. Burden of Proof.
  (1) In an action for defamation the plaintiff has the burden of proving, when the issue is properly raised,
    (a) the defamatory character of the communication,
    (b) its publication by the defendant,
    (c) its application to the plaintiff,
    (d) the recipient's understanding of its defamatory meaning,
    (e) the recipient's understanding of it as intended to be applied to the plaintiff,
    (f) special harm resulting to the plaintiff from its publication,
    (g) abuse of a conditionally privileged occasion.
  (2) In an action for defamation the defendant has the burden of proving, when the issue is properly raised,
    (a) the truth of the defamatory communication,
    (b) the privileged character of the occasion on which it was published,
    (c) the character of the subject matter of defamatory comment as of public concern.

Where plaintiff may recover for a truthful but malicious defamatory statement as well as for a false defamatory statement there is reason for the requirement that plaintiff allege falsity if that is the basis of his charge, because defendant is entitled to know upon which of two available theories plaintiff is relying. See, *Old Dearborn Distributing Co. v. Seagram Distillers Corp.*, 288 Ill App 79, 5 NE2d 610 (1937); *Comerford v. Meier*, 302 Mass 398, 19 NE2d 711 (1939).

And there may be reason for requiring an allegation of falsity where the complaint does not set forth the alleged libelous words. See, *Fritschle v. Kettle River Co.*, 346 Mo 196, 139 SW2d 948 (1940); *Hand v. Hand*, 23 NJ Misc 118, 41 A2d 270 (1945). Or where a statute is interpreted as requiring it. *Glenn v. Gibson,* 75 Cal App2d 649, 171 P2d 118 (1946). But cf., *Atwater v. Morning News Co.*, supra. Where these or similar reasons do not exist an allegation of falsity should not be required. And even if we should adopt the rule that falsity must be alleged, the defendant and not this court should raise the issue.

It is my conclusion, therefore, that the complaint was not subject to attack on appeal for failure to allege falsity. I am further of the opinion that the words published by the defendant were libelous *per se.*

The judgment should be reversed and the cause remanded for further proceedings below.

SLOAN, J., joins in this dissent.