ADAMS et ux, *Appellants,*
*v.*
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *Respondent.*
(No. 75-1001, SC 25198)
581 P2d 507

Clinton D. Simpson, Eugene, argued the cause for appellants. On the briefs were Gregory G. Foote, Eugene, and Roy Dwyer, Eugene.

William G. Wheatley, of Jaqua & Wheatley, Eugene, argued the cause and filed a brief for respondent.

Before Tongue, Presiding Justice, Bryson and Linde, Justices, and Gillette, Justice Pro Tempore.

GILLETTE, J. Pro Tempore.

**GILLETTE, J.,** Pro Tempore.

This was an action for slander. Plaintiffs, husband and wife, operate an automobile repair business. They alleged that defendant's agent, a claims estimator, told a claimant that defendant company had experienced a number of problems with plaintiffs' shop, that plaintiffs' work "was not all that good," and that plaintiffs' prices were high. Defendant filed a general denial, and, thereafter, a motion for summary judgment pursuant to ORS 18.105(3) and (4).[1] Both sides filed affidavits. The trial court entered judgment for defendant. Plaintiffs appeal, assigning as error (1) the trial court's consideration of the defense of truth, when that defense had not been affirmatively pleaded; (2) the trial court's application of the doctrine of *Gertz v. Robert Welch, Inc.*[2] in a non-media case such as this one; and (3) the granting of summary judgment when, plaintiffs allege, there existed a material issue of fact with respect to the truth or falsity of defendant's statements. We reverse.

[1] "(3) The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

"(4) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories or further affidavits. When a motion for summary judgment is made and supported as provided in this section an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

[2] 418 US 323, 94 S Ct 2997, 41 L Ed 2d 789 (1974).

At the time of this action, the defendant was in the automobile insurance business, and operated a drive-in claims center in Eugene, Oregon. Frequently, persons making claims against the company for damage to their automobiles, whether as claimants or as insureds, would drive their vehicle to defendant's claims center for inspection and estimate of damages.

On January 3, 1975, one Paul Ehrhardt drove his vehicle to the defendant's Eugene claims office. During the course of a discussion concerning body and fender repair in general between Mr. Forcia, who was defendant's agent, and Mr. Ehrhardt, Forcia allegedly told Ehrhardt the following: "We have had a lot of problems with [plaintiffs' firm] and their work is not all that good, and their prices are high."

As a result of the above statements, plaintiffs brought the present slander action against the defendant, seeking $500,000 general damages and $500,000 punitive damages. Subsequent to a general denial answer, the defendant sought and received a summary judgment on the ground that the statements attributed to the defendant were true and that there was no issue of fact thereon.

1. *Whether truth as a defense must be affirmatively pleaded.*

Plaintiff first raises a threshhold issue: defendant here filed a general denial only; defendant's affidavits are designed to establish truth as a defense. May truth as a defense to slander be proved if it has not been specially pleaded?

We hold that it may, in the peculiar circumstances which arise as a result of the use of motions for summary judgment.

The general rule in Oregon has been said to be that truth as an affirmative defense to libel or slander must be pleaded and proved.

"* * * Truth is a defense and must be alleged by the defendant, *Thomas v. Bowen,* [29 Or 258, 45 P 768 (1896)

* * *. The defendant has the burden of establishing his plea with evidence, *Grubb v. Johnson,* 205 Or 624, 289 P2d 1067, *Woolley v. Hiner,* 164 Or 161, 100 P2d 608. The purpose of requiring parties to set forth their facts in the pleadings is to bring the facts to light * * *." *Fowler v. Donnelly,* 225 Or 287, 292, 358 P2d 485 (1960).

Interestingly, however, neither *Fowler* nor *Thomas v. Bowen,* which it cites, stands for the proposition asserted because the question of what a *defendant* in a defamation case was required to plead and prove was not at issue in either case. In *Fowler,* the issue was whether the *plaintiff* in a defamation case was required to allege the falsity of the statements complained of. This court, two justices dissenting, held that plaintiff's complaint *did* require such an allegation, and that a demurrer would lie if the complaint did not allege falsity. The comment concerning the *defendant's* burden was a *dictum.*

In *Thomas,* the concern was with the adequacy of plaintiff's proof to survive a motion for nonsuit. This court held that, although plaintiff had alleged falsity, she did not have to prove the falsity by testimony because, due to their nature, the statements made by defendants—they charged she had committed a crime when she merely stood accused of it—were presumed to be false and were thus libelous *per se.* By way of elaboration, this court did say,

"* * * So, where the publication charges an indictable offense, the presumption of innocence is *prima facie* evidence of falsity and want of probable cause, and sufficient to compel the defendants to allege and prove the truth of the charge."

However, this last statement is again a *dictum,* because the question of the sufficiency of plaintiff's proof did not require a discussion of what pleading defendants were required to file.

■ We have found no case in Oregon in which the *Thomas/Fowler* dictum has been elevated to a holding.[3] We are not here required to do so, because the special circumstances attendant upon motions for summary judgment suggest a different rule in any event. The summary judgment statute permits a motion for summary judgment to be filed at virtually any stage of the pleadings. ORS 18.105(1) and (2).[4] It would be anomalous for us to hold that a defendant in a slander action may or may not be able to file affidavits showing the truth of the statements attributed to him, depending upon how hurriedly the other party moved for summary judgment. Absent any showing of surprise or prejudice—and none appears in this record—we hold defendant was entitled to raise truth as a defense.

### 2. *Whether Gertz v. Robert Welch, Inc. applies to a nonmedia defendant.*

■ In conjunction with its claim that the trial court erred in granting defendant's motion for summary

---

[3]The legislature has dealt with a related aspect of the area. ORS 16.530 provides:

"(1) In an action for libel or slander it shall not be necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose; but it shall be sufficient to state generally that the same was published or spoken concerning the plaintiff. If such allegation is controverted, the plaintiff shall be bound to establish on the trial that it was so published or spoken.

"(2) The defendant may, in his answer, allege both the truth of the matter charged as defamatory, any mitigating circumstances, to reduce the amount of damages; and whether he prove the justification or not, he may give in evidence the mitigating circumstances."

We construe ORS 16.530(2) to be permissive. It instructs a defendant as to what he *may* plead; it does not tell him what he *must* plead.

[4]
"(1) A party seeking to recover upon a claim, counter-claim, or cross-claim or to obtain a declaratory judgment may, at any time after the expriation of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move, with or without supporting affidavits, for a summary judgment in his favor upon all or any part thereof.

"(2) A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move, with or without supporting affidavits, for a summary judgment in his favor as to all or any part thereof."

[ 50 ]

judgment, plaintiff argues that the trial court improperly applied the U.S. Supreme Court's ruling in *Gertz v. Robert Welch, Inc., supra,* to the instant case.

*Gertz* held specifically that the First Amendment to the Constitution does not permit the imposition of "liability without fault" on a "publisher or broadcaster of defamatory falsehood injurious to a private individual."[5] In a recent case before this court, we indicated that this means "there would at least have to be evidence of simple negligence on the part of the publisher or broadcaster in determining the falsity of the defamatory material before a recovery may be had." *Harley-Davidson Motorsports, Inc. v. Markley,* 279 Or 361, 568 P2d 1359 (1977).

In the case before us, the trial court was of the opinion that the rule in *Gertz* applied "with respect to the requirements that the plaintiffs must prove the falsity of the alleged defamatory statements in order to recover against the defendant." The court then entered an order for continuance to give plaintiffs the opportunity to present evidence of the falsity of the alleged defamatory statements. Plaintiffs declined to present additional evidence. Based upon that order, the trial court entered a summary judgment for the defendant.

Plaintiffs urge that *Gertz* was never intended to apply to private slander situations or cases involving nonmedia defendants. Defendant urges that the principle of *Gertz* should apply to media and nonmedia cases alike. *Gertz* itself involved a media defendant; the Supreme Court has not yet seen fit to extend its principle. Until it does so, we are not inclined to independently follow that path under the First Amendment. *Harley-Davidson Motorsports, Inc., v.*

---

[5] 418 US at ——. Aside from this restriction, the states may define for themselves the appropriate standard of care.

*Markely, supra,* 279 Or at 371, 372. Neither has defendant invoked Art I, § 8 of the Oregon Constitution. As we have elsewhere noted,

> "Defendants make no contention that aside from the authority of *Gertz,* free speech interests, other than the interest in democratic dialogue, outweigh an interest in non-compensatory damages; we therefore do not have to meet that contention.

> "On neither issue of actual or punitive damages have defendants raised any point under the Oregon Constitution, and we therefore have not considered its application." *Harley-Davidson v. Markley,* 279 Or 361, 372. *See also Davidson v. Rogers,* 281 Or 219 (concurring opinion at 222).

Plaintiffs' argument is correct: the trial court improperly applied *Gertz* to this case in granting defendant's motion for summary judgment.

3. *Whether a material issue of fact exists such that an order granting summary judgment was improper.*

ORS 18.105(3) authorizes summary judgments where the pleadings, depositions and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Defendant moved for a summary judgment and offered supporting affidavits from customers of plaintiffs, which stated in effect that plaintiffs' work was substandard. Plaintiffs, on the other hand, offered the deposition of Mr. Forcia—defendant's own agent and the alleged source of the slanderous statements—in which Forcia stated that he did not make the alleged slanderous statement to Mr. Ehrhardt, nor was he aware of any complaints concerning plaintiffs' work. Forcia also indicated he had no reason to believe that plaintiffs' work was not of good quality nor particularly high priced.

Where Forcia's deposition creates a question whether the alleged slanderous statements were made at all or, if made, were false, are obvious unresolved

material issues of fact. The trial judge improperly granted defendant's motion for summary judgment.

Reversed.