JOHN F. HANSON, *Appellant*, V. JOSEPH L. BRISTOW, *Appellee.*

No. 17,552.

SYLLABUS BY THE COURT.

1. LIBEL—*Newspaper Statement—Truth Admitted—Innuendo.* An action for libel will not lie for publishing in a newspaper a statement, admitted to be true, to the effect that the plaintiff, a practicing attorney, was sent to jail for contempt of court, whether the court had or had not jurisdiction of the proceedings out of which the alleged contempt arose, and regardless of whether or not the plaintiff was in fact innocent of the offense for which the court imposed such imprisonment.

2. —— *Same.* The statement in a newspaper that the plaintiff, a practicing attorney, was a witness before the court and "refused to answer the court's questions as to what he had done with the money which he had collected for the estate, which he had not turned over to the proper parties," is held not to charge plaintiff with the crime of embezzlement or with misconduct as an attorney, and therefore is not libelous *per se.*

3. —— *Same.* The following was published in reference to the plaintiff:

"Hanson was one of the attorneys in the Linderholm case, and in closing up the estate it became necessary that Mr. Hanson should tell what had become of certain funds. Mr. Hanson refused to make any explanation to the probate court, and the court ordered him to jail for contempt."

*Held,* that the statement can not be made to appear libelous by an innuendo alleging that it was thereby intended to charge that plaintiff was guilty of the crime of embezzlement and of unprofessional conduct.

Appeal from Saline district court. Opinion filed. May 11, 1912. Affirmed.

*John F. Hanson,* for the appellant.

*Z. C. Millikin,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: Action for libel. The court sustained a demurrer to the petition. Plaintiff appeals. The peti-

Hanson v. Bristow.

tion alleged two separate libels, the first cause of action being based upon an article which appeared in "The Salina Evening Journal," of which defendant is the owner and publisher. The article read as follows:

"CHUCK HIM IN JAIL.

"John Hanson, Young Attorney, is in Trouble.

"HE 'SASSED' THE COURT.

"Because the Court Fined Him For Contempt—'The Jail for You,' Said Hizzoner.

"McPherson, Kansas, Aug. 25.—John Hanson, a young attorney of Lindsborg, was sent to jail yesterday by the probate judge, for contempt of court.

"Hanson has been for sometime employed as the attorney by the administrator of the Estate of a Mrs. Linderholm and was placed in charge of the collecting of several accounts due the estate.

"Attorney Hanson was yesterday arraigned before the court as a witness, and refused to answer the court's questions as to what he had done with the money which he had collected for the Estate, which he had not turned over to the proper parties. He continued to refuse to answer the inquiries of the court, and the judge finally assessed a fine of $25.00 for contempt of court, whereupon Hanson grew very abusive. He refused to pay the fine and threatened the judge, whereupon he was ordered confined in the jail where he now is. Hanson has now begun habeas corpus proceedings."

The petition alleged that the matter stated in the newspaper article was wholly false except the statement that plaintiff had been placed in jail, but that this was true only because he was in jail under false imprisonment; that, in truth, the probate court had no jurisdiction either of the contempt or of the proceedings out of which it arose, and that the plaintiff was not, in fact, guilty of any contempt of court; and further, that by the reference to his "'refusing to answer the court's questions as to what he had done with the money which he had collected for the estate which he had not turned over to the proper parties,' the defendant means to convey the idea that plaintiff had funds belonging to said estate and that he was withholding such funds in a way

that would make it a crime as well as professional misconduct, when in fact this is all false *in toto* and no such questions were propounded." Upon this cause of action the plaintiff asked for damages in the sum of $15,000.

In support of the contention that the publication is libelous, the plaintiff makes two claims. First, he admits that the article spoke the truth in asserting as a fact that he was sent to jail for contempt of court, but alleges that because he was not in fact guilty of the charge, and because the court was without jurisdiction either of the contempt or of the proceedings out of which it arose, the matter is therefore libelous. In other words, the claim is that for a newspaper to publish a statement that one has been sent to the penitentiary for larceny is libelous, although it be true, unless the court which convicted and sentenced him had jurisdiction; and that in a case where the court had jurisdiction the statement is a libel if the judgment be afterwards set aside upon appeal on the ground that the person convicted was not guilty. The mere statement of the proposition contended for makes its absurdity so apparent as not to require further comment.

The second claim rests upon an innuendo stating that the article meant to convey the impression that the plaintiff had funds belonging to an estate which he withheld in a way that would make him guilty of embezzlement and of misconduct as an attorney. In pleading a libel the innuendo can not be employed to distort the published words from the meaning ordinarily given them. In our opinion, no person of ordinary intelligence who read the article would understand it as an assertion by the publisher that the plaintiff had, in fact, collected money which he had not turned over to the proper parties. Everyone, we think, would understand that the publisher intended to state that the plaintiff had been asked what he had done with certain money. Instead of quoting directly the question claimed to have been asked of the plaintiff, the article attempts to state

in narrative form the substance of the question. The sense conveyed is the same as though the article had stated that he refused to answer the question "What have you done with the money you have collected for the estate and which you have not turned over to the proper parties?" The meaning sought to be attached to the words by the plaintiff's innuendo can only be given to them by a forced construction. The plain import of the words does not warrant the plaintiff in assuming that the public understood or was meant to understand the publication as asserting that he had collected money as an attorney and refused to account for it, and was therefore guilty of a crime or of misconduct as an attorney.

Plaintiff sought to recover damages in the sum of $15,000 upon the second cause of action, based upon the publication in defendant's newspaper of the following article:

"HANSON LOSES CASE.

"Lindsborg Attorney Must Answer Those Questions.

"Held that the Sheriff Must Again Take Mr. Hanson into Custody.

"Sustained Probate Court.

"McPherson, Kansas, Oct. 11, 1909. Word has been received here, from Topeka, that the Kansas Supreme Court has rejected the application of John F. Hanson, the McPherson County lawyer, for a writ of Habeas Corpus to secure his release from jail where he was sent by the Probate Court for refusing to answer questions.

"Hanson was one of the attorneys in the Linderholm case, and in closing up the estate it became necessary that Mr. Hanson should tell what had become of certain funds. Mr. Hanson refused to make any explanation to the Probate Court, and the Court ordered him to jail for contempt.

"Hanson secured his release by Habeas Corpus proceedings in the Supreme Court, but on a full hearing of the proceedings the Supreme Court has ordered the Sheriff to again take Hanson into custody."

In an innuendo, plaintiff alleges that by the reference to his withholding money collected it was intended to

charge him with being guilty of the crime of embezzle-
ment and also of unprofessional conduct, all of which
was false, and that in fact he was not asked in court to
tell anything about any money or about any funds.
The particular matter alleged to be libelous is:

"Hanson was one of the attorneys in the Linderholm
case, and in closing up the estate it became necessary
that Mr. Hanson should tell what had become of certain
funds. Mr. Hanson refused to make any explanation to
the Probate Court, and the Court ordered him to jail
for contempt."

This language can not be made to appear libelous by
an innuendo alleging that it was thereby meant to
charge that the plaintiff was guilty of embezzlement
and unprofessional conduct. If the statement as pub-
lished had been true there might have been many
proper and valid reasons why he refused to make an ex-
planation to the court without his being guilty of em-
bezzlement. It is not even asserted that the funds of
the estate, or any part of them, ever came into his
hands, but merely that he refused to make any explana-
tion. The office of the innuendo is not to enlarge or
restrict the natural meaning of the words. It can not
enlarge ambiguous words, not necessarily of themselves
importing crime, beyond the averment of the speaker's
intention. If the publication is not actionable *per se,*
it can not be made so by an innuendo. (*Cooper v.
Seaverns,* 81 Kan. 267, 105 Pac. 509; *Wood v. Bibbins,*
[N. Y. Supr. Ct.] 32 Barb. 315; 25 Cyc. 449, 450.)
Had the article stated as a fact that the plaintiff col-
lected money belonging to the estate, and that he re-
fused to account for the same to the proper parties, it
would be appropriate to review the cases in which
words have been held to charge or not to charge the
crime of embezzlement; but in the view we have taken
of the article it does not attempt to state anything of
the kind as a fact, but merely that such was the sub-
stance of the question which plaintiff was asked and re-

fused to answer. Whatever humiliation the plaintiff may have suffered by the publication was only such as necessarily followed from publishing that which he admits was true, to wit, that he had been sent to jail for contempt of court.

The judgment is affirmed.