IRA L. CHILDERS, Appellant, v. ORLEY E. NESSELROAD, WILLIAM D. CUNNINGHAM, C. B. POLK, WALTER N. MOORE, RUSSELL ARMENTROUT and CLARENCE A. PORTER.—No. 40544.—212 S. W. (2d) 727.

Division Two, July 12, 1948.

*Homer A. Cope* and *Walter A. Raymond* for appellant.

*Frank P. Barker, Lambert T. Boyd, Jr.,* and *Winger, Barker & Winger* for respondents.

[727] WESTHUES, C.—This is an action for libel wherein plaintiff prayed for an award of actual damages in the sum of $50,000 and

for a like amount as punitive damages. The trial court·sustained defendants' motion to ·dismiss on the ground that plaintiff's fourth amended petition [728] failed. to state a cause of action. From the judgment entered plaintiff appealed.

The sufficiency of the petition·is the only issue presented on this appeal. Plaintiff in his brief has made a fair statement of the contents of the petition. With some modifications the statement reads as follows:

"Said petition alleged in substance as follows:

"That prior to November 25, 1946, defendant Walter N. Moore received an anonymous letter through the United States mail, photostatic copies of said letter and envelope being attached to the petition and marked Exhibits A and B; that the contents of said letter 'were scandalous, obscene, defamatory, vicious, vile and false and which letter was libelous in character.'"

In the next paragraph plaintiff outlines the contents of the anonymous letter in question. We·deem a few lines relating thereto sufficient. The letter was addressed to "Deacon Moore" and in it the, writer accused Moore and other deacons of the church of scandalous conduct. Suffice to say here that the letter was libelous. Plaintiff's statement then continues as follows:

"The petition further alleged that on or about the 25th day of November, 1946, at a meeting in the . . . Church in Kansas City, Missouri, open to and attended by members of the church and the public generally the defendants by common design acting through the defendant C. B. Polk 'maliciously contriving and intending to injure plaintiff in his good name, fame and reputation and deprive him of the benefits of public confidence and social intercourse' did falsely, etc., publish and circulate of and concerning plaintiff a written statement containing the false and libelous language that, *due to certain statements attributed to Bro. Childers made by various members of the church to the pastor and the board, and on account of disturbance caused by printing and circulating anonymous statements tending to confusion among the membership,* the Board of Deacons recommended that a charge of uncooperativeness and promotion of factions be made against the brother·and member Ira Childers; that a council of three ministers be called to sit with the church, hear the statements of all parties, weigh the·evidence and render to the church its findings and make recommendations for appropriate action; said statement being signed by C. B. Polk, clerk of the Board.

"In connection with the pleading of the last above written·statement plaintiff pleaded the innuendo·that plaintiff was the author of and responsible for the circulation of the letter, exhibit A to the petition.

"The petition further alleged that the defendants placed in the hands of the members of the church and others printed copies of the

aforesaid writing calling for a trial of plaintiff; that the defendants thereby meant and intended to charge that plaintiff had been guilty of sending the letter, exhibit A, and was guilty of sending obscene and threatening matter through the mails, which was criminal libel and an offense against the Federal Government; that said statement was so understood by persons reading the same. . . .

"The petition further alleged that said statements were false and untrue and by reason thereof plaintiff was greatly embarrassed, humiliated and injured in his good name, fame and reputation, was exposed to public hatred, contempt and ridicule, was deprived of the benefits of public esteem and social intercourse and made sick and nervous." (Italics Ours.)

The italicized portion of the above statement is an exact quotation from the statement alleged to have been published and circulated at the church meeting. Plaintiff contends the defendants, by circulating the statement, intended to and did charge that plaintiff was the author of the anonymous letter addressed to defendant Moore.

In libel cases it is sufficient if the published matter intimates or insinuates that a person has been guilty of conduct which would tend to subject him to public hatred, contempt or ridicule, or would in any way injure his good name. 53 C. J. S. 47, Sec. 10 and Page 57, Sec. 13; Sec. 4758, R. S. Mo. 1939, Mo. R. S. A.

The gist of plaintiff's claim is, that accusing him of being the author of the anonymous letter constituted libel. It is his claim that the statement published and [729] circulated among the church people present at the meeting amounted to such an accusation. Defendants say that even if the statement did accuse plaintiff of writing the letter the accusation was not libelous because the writing of such a letter and sending it through the mails was not a violation of the law. Suffice to say that that is not necessary. We are of the opinion that plaintiff could maintain an action for libel if, having been charged with being the author of the letter in question, the contents of the letter were known to the persons reading or hearing the accusations made. The anonymous letter accused certain persons of being thieves and adulterers. Certainly it would tend to injure a person's good reputation if he were accused of writing such an anonymous letter. It is also defendants' theory and contention that the alleged statement did not refer to the letter in question and that the statement cannot be construed to convey the charge that plaintiff was the author of the libelous letter. Defendants next say that plaintiff in his petition did not allege that the contents of the letter were known to the members who saw and heard the statement which was circulated and published at the church meeting.

We are of the opinion that therein lies the fatal defect in plaintiff's petition Nowhere in the petition did plaintiff allege that any person who heard or read the statement had any knowledge of the

libelous letter addressed to defendant Moore. So far as the allegations of the petition are concerned no one except Moore, the receiver of the letter, was acquainted with its contents. Had plaintiff pleaded that the anonymous letter had been circulated or its contents made known at the meeting in connection with the circulation and publication of the statement, we would have an entirely different situation. Circulating a statement charging a man with crime, whether directly or indirectly, is libelous per se because the statement itself reveals what is charged. But the statement in this case does not do that. It does not disclose the contents of the anonymous letter. In fact it does not refer to any letter and we cannot presume that the hearers of the statement knew of the existence of one. The statement itself is not libelous. To make it so the persons among whom it was circulated must have had knowledge of the fact that Moore received such a letter and they must also have had knowledge of the contents of the letter. These facts, if true, should have been alleged in the petition to make it sufficient.

Plaintiff had the burden of bringing forth the extrinsic facts which were necessary to make the alleged statement libelous. 53 C. J. S. 309, Sec. 200. It was likewise incumbent upon plaintiff to state such extrinsic facts in his petition. 53 C. J. S. 247, Sec. 162 (b). We may in this case apply a test old in the law, that is, considering all the facts, not conculsions, stated in the petition as being true, has a cause of action been stated? Our answer must be no. In the text, 53 C. J. S. 247, Sec. 162 (b), we read the following applicable to plaintiff's alleged cause of action:

"When the words sued on are not actionable per se, it is usually proper and necessary for plaintiff to plead such extrinsic facts as will render the words actionable, . . ."

The statements published by defendants, which plaintiff claims were libelous, and not so per se. They can only be made so if it is shown that the readers of the statements had knowledge of the anonymous letter and its contents, and further that the statements were published and circulated under such circumstances that the readers would understand that plaintiff was being accused of being the author of the anonymous letter. We are of the opinion that the petition is insufficient.

The judgment is therefore affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. *Leedy* and *Ellison, JJ.,* concur; *Tipton, P. J.,* not sitting.