261 S.W.2d 952 (1953)
LORENZ
v.
TOWNTALK PUB. CO., Inc., et al.
No. 43586.
Supreme Court of Missouri, Division No. 1.
November 9, 1953.
*953 Preston Quick, St. Louis, for appellant.
Jerome F. Duggan, Sidney W. Horwitz, Dubinsky & Duggan, St. Louis, of counsel, for respondents.
HYDE, Presiding Judge.
Action for $10,000 actual and $5,000 exemplary damages. The Court sustained defendants' motion to dismiss on the ground that plaintiff's petition fails to state a claim upon which relief can be granted. Plaintiff has appealed.
The allegations of the petition concerning what was published are as follows: "Defendants charged and published that plaintiff, as chairman of the program committee of Ferguson Chamber of Commerce, in collusion with one Henry Behle, secretly and clandestinely produced as a guest speaker for an occasion of said Chamber of Commerce, one Don Lohbeck, who, said paper stated, was the righthand man of Gerald L. K. Smith, the latter being generally regarded by the public, as an avowed and professing Communist, and that the plaintiff managed to keep the name of said guest speaker a secret, unknown to said Chamber of Commerce, and referred to plaintiff as sneaking and conniving, so as to gain entrance of Lohbeck as a guest speaker of the said Chamber of Commerce, and by two lengthy columns in the said issue of said paper did, expressly, as well as by innuendo, insinuation, and half-sentences, portray plaintiff as one of Communist affiliation and conviction, using such alleged tactics as an opportunity to do missionary work for the Communist cause, under the guise and pretext of inviting Don Lohbeck as a `guest speaker', whereas in truth and in fact, plaintiff was doing missionary work for the Communist cause, in a stealthy and underground manner, defendants repeating and emphasizing said accusations." (Italics ours.) Plaintiff's reply brief states that the above italicized words "pleads what the paper published."
Plaintiff cites Lightfoot v. Jennings, Mo. Sup., 254 S.W.2d 596, 599, in which we held that a petition stated a cause of action in libel by alleging the defendant said that the plaintiff was a Communist and containing the innuendo that this meant and was understood to mean "that plaintiff was a member of the Communist Party and advocated, abetted, advised, taught or encouraged the duty, necessity, desirability or propriety of overthrowing or destroying the Government of the United States by force or violence, a crime under the laws of the United States." Plaintiff also cites Seested v. Post Printing & Publishing Co., 326 Mo. 559, 31 S.W.2d 1045 and Childers v. Nesselroad, 357 Mo. 1218, 212 S.W.2d 727. The case most nearly in point here is Lightfoot v. Jennings, supra.
The actual words used in the article herein involved are not set out haec verba. Certainly, the allegations (after the italicized words) about the effect of the two lengthy columns to "portray plaintiff" state only plaintiff's conclusions and are insufficient to state a claim based on libel. It is said that the great weight of authority supports the view that the words used must be reproduced verbatim. 33 Am.Jur. 215, Sec. 237. It is also said that in libel the defamatory words must be set forth in haec verba, even though this is not always held essential in slander. 53 C.J.S. Libel and Slander, § 164, page 256. Townshend on Slander and Libel, 4th Ed., Sec. 329, says: "The complaint should set out, and purport to set out, the very words published"; and further states in Sec. 331: "The object, or one of the objects, of obliging a plaintiff to set forth in his complaint the very words complained against, is that the defendant may, if he desires it, by demurring, have the opinion of the court upon the actionable quality of the words." See also Newell on Slander and Libel 581, Sec. 534. *954 However, it is not always necessary to set out the whole of an article containing libelous passages. "It is sufficient to set out the libelous passages only, provided that nothing be omitted which qualifies or alters their sense. If, however, the meaning of the libelous passages taken singly is not clear, or if the rest of the article would, in any substantial degree, vary the meaning of the words complained of the whole must be set out." Meriwether v. Publishers: George Knapp & Co., 211 Mo. 199, 109 S.W. 750, 752, 16 L.R.A.,N.S., 953. See also Remmers v. Remmers, 217 Mo. 541, 117 S.W. 1117; Fritschle v. Kettle River Co., 346 Mo. 196, 139 S.W.2d 948. Certainly, it is very doubtful that plaintiff's petition sufficiently shows what was actually published about him even in the italicized portion. If the actual words are not set out, the minimum requirement must be certainty as to what is charged as the libel.
Accepting, however, plaintiff's contention that the petition liberally construed can be said to state that defendant published the italicized words, we still do not think a cause of action of libel is stated. Plaintiff says that judicial notice should be taken of the general public political reputation of Gerald L. K. Smith and Don Lohbeck, citing City of St. Louis v. Pope, 344 Mo. 479, 126 S.W.2d 1201, 1210. In that case, we referred to judicial knowledge of "matters of public history and of common knowledge pertaining to the interest of the voters in, their attendance upon, elections". However, the point actually decided was that a certain pamphlet explaining a proposed bond issue was admissible in evidence. We know of no authority for judicial knowledge of the reputation of individuals, a matter about which there might be a difference of opinion. See 20 Am.Jur. §§ 16-130; 31 C.J.S. Evidence, §§ 6-102, particularly § 64 on identity of persons. A motion to dismiss, as was the case of a demurrer, does not admit an unnatural, unfair or forced construction of the words used. Diener v. Star-Chronicle Pub. Co., 230 Mo. 613, 132 S.W. 1143, 33 L.R.A., N.S., 216; Grossman v. Globe Democrat Pub. Co., 347 Mo. 869, 149 S.W.2d 362; Hylsky v. Globe Democrat Pub. Co., 348 Mo. 83, 152 S.W.2d 119. Plaintiff's petition stated the words used meant that he was a Communist "allied with forces for the overthrow of our government of the United States." (It did not, however, say that this meant a Federal crime.) We think such a contention is a forced, strained and unreasonable construction of the italicized words and one that we cannot make in construing this petition. These words did not say plaintiff was a Communist, as was said in the Lightfoot case, supra, and did not even say that the speaker Don Lohbeck was a Communist. The petition did not even allege that Gerald L. K. Smith was a Communist but only contained a statement as to "being generally regarded by the public" as such. Our conclusion is that the petition is too indefinite and uncertain to construe as imputing to plaintiff the Federal crime of advocating the overthrow of the United States Government by force. Furthermore, from the allegations of the petition this seems to be a case in which the rule might be applicable, stated in Diener v. Star-Chronicle Pub. Co., supra, as follows [230 Mo. 613, 132 S.W. 1147]: "Since one part of a publication may explain another part, and since the intent and the meaning must be gathered not only from the words singled out as libelous but from the context, * * * all parts of the publication must be read together to collect the true meaning." See also Diener v. Star-Chronicle Pub. Co., 232 Mo. 416, 135 S.W. 6. We, therefore, hold that no actionable claim of libel was stated and that the Court properly sustained the motion to dismiss.
The judgment is affirmed.
All concur.